**UNITED STATES of America,**
**Appellee,**

**v.**

**John Joseph LOMBARDOZZI, Daniel Joseph Marino, Michael Joseph Zampello, Camillo Charles Lombardozzi and George Lombardozzi, Appellants.**

**No. 396, Docket 29431.**

United States Court of Appeals Second Circuit.

Argued March 19, 1965.

Decided March 25, 1965.

Certiorari Denied June 1, 1965.

See 85 S.Ct. 1771.

Raymond Bernhard Grunewald, Asst. U. S. Atty., Joseph P. Hoey, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for appellee.

William Sonenshine, Brooklyn, N. Y., Evseroff, Newman & Sonenshine, Brooklyn, N. Y., for appellants.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion: (1) for a new trial on the basis of newly discovered evidence; (2) to vacate the judgment of conviction; and (3) for the production of medical records of Hector Mangual, a government witness.

The Lombardozzis were tried and convicted in November, 1963, for assault on an FBI agent. This conviction was affirmed by this Court, 335 F.2d 414 (2d Cir.), and a petition for certiorari was denied 379 U.S. 914, 85 S.Ct. 261, 13 L.Ed.2d 185 (1964). In a subsequent proceeding, the defendants obtained an

FBI agent's report concerning a Navy psychologist's diagnosis of Mangual's mental and emotional state. They claim that this report, together with Mangual's medical record during his Marine Corps service from 1951 to 1955, would vitiate his testimony and probably would have produced a different verdict if available at the assault trial.

The District Court, in denying the requested relief, concluded that: (1) the defendants sought a new trial merely to impeach the credibility of a witness but that this objective had been held to be insufficient for a new trial under the test derived from United States v. Costello, 255 F.2d 876 (2d Cir.), cert. denied, 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed. 2d 1551 (1958) and Berry v. State, 10 Ga. 511, 527 (1851); and (2) under the test of Larrison v. United States, 24 F.2d 82 (7th Cir. 1928), it was not satisfied that the testimony of the witness "was false in its material aspects" but was convinced that other evidence (namely, the testimony of six or seven other witnesses) "overwhelmingly" established defendants' guilt.

The grant or denial of a motion for a new trial is largely within the discretion of the trial court. Furthermore, such motions are "not favored and should be granted only with great caution." United States v. Costello, supra, 255 F.2d at 879. In the present case, the trial court correctly formulated the relevant tests for granting a motion for a new trial and properly applied these tests. There is no contention here that the prosecution wilfully or in bad faith suppressed the evidence relied upon. This new evidence consisted of a mere summary by an agent without medical training of the diagnosis of a Naval doctor. In addition, the psychologist later qualified his original diagnosis in an affidavit, presented in response to the motion for a new trial, in which he stated: (1) that he had never interviewed or had even seen Mangual; (2) that he had no information concerning the nine years of Mangual's life since his discharge from the Corps; and (3) that in his original diagnosis he had stated that he considered Mangual emotionally rather than mentally unstable.

Order affirmed.