Vito GENOVESE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 465, Docket 30780.

United States Court of Appeals Second Circuit.

Argued May 16, 1967.

Decided May 26, 1967.

Vincent J. Fuller, Washington, D. C. (Edward Bennett Williams and Robert L. Weinberg, Washington, D. C., and Wilfred L. Davis, New York City, on the brief), for appellant.

David M. Dorsen, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for Southern District of New York, New York City, John E. Sprizzo and Michael W. Mitchell, Asst. U. S. Attys., on the brief), for appellee.

Before LUMBARD and MOORE, Circuit Judges, and BARTELS,* District Judge.

MOORE, Circuit Judge:

Petitioner, Vito Genovese, appeals from an order, denying his application pursuant to 28 U.S.C. § 2255 or, in the alternative, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, to vacate or modify his judgment of conviction and sentence thereunder. We affirm Judge Weinfeld's denial of the relief sought.

*Previous Proceedings*

Indicted in July 1958, appellant and 16 other defendants were tried jointly for conspiring to violate sections 173 and 174 of Title 21 of the United States Code. In April 1959 appellant and 15 co-defendants by jury verdict were convicted. On direct appeal to this court, the judgment was affirmed. United States v. Aviles, 2 Cir., 274 F.2d 179; cert. denied, 362 U.S. 974, 80 S.Ct. 1057, 4 L.Ed.2d 1009 (1960). A motion for a new trial on newly discovered evidence was denied, 197 F.Supp. 536 (D.C.1961); a second phase of the case involving the alleged failure of the Government to produce certain notes was decided adversely to appellant. 200 F.Supp. 711 (D.C. 1961), affirmed by this court, 315 F.2d 186, but vacated and remanded sub nom. Evola v. United States, 375 U.S. 32, 84 S.Ct. 24, 11 L.Ed.2d 106 (1963), again affirmed by this court, 337 F.2d 552 (2 Cir. 1964), cert. denied, 380 U.S. 906, 85 S.Ct. 885, 13 L.Ed.2d 794 (1965).

On September 14, 1965, appellant moved pursuant to 28 U.S.C.A. § 2255 or, in the alternative, under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order vacating the judgment and sentence on the ground that there was no evidence against him of an essential element of the offense of conspiracy, namely, the element of knowledge of illegal importation of narcotics, and also on the ground that the court's instructions never presented the issue of such knowledge before the jury. In the alternative, the appellant seeks to correct the sentence and modify the judgment to one for a lesser conspiracy offense supportable by the record.

The district court denied the petition to vacate or modify the judgment and sentence on the ground that there was more than ample evidence of constructive possession to permit a finding of knowledge of illegal importation of narcotics. It also concluded that the attack upon the instructions was without merit, apart from the fact that the objection was not available under Section 2255, distinguishing United States v. Massiah, 2 Cir. 1962, 307 F.2d 62 (reversed on other grounds, 1964, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246), cited by the appellant.

*The Present Issue*

██ Preliminarily, the issue raised here is whether the deficiencies in proof or errors of law charged by appellant are properly before this court under Section 2255. As a general principle, they cannot be considered collaterally upon a § 2255 application (Sunal v. Large, 1947, 332 U.S. 174, 178–179, 67 S.Ct. 1588, 91 L.Ed. 1982; United States v. Sobell, 2 Cir. 1963, 314 F.2d 314, cert. denied, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077) except to the extent that they may assume constitutional dimensions under the principles of Thompson v. City of Louisville, 1960, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, and Garner v. State of Louisiana, 1961, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207, which appellant claims are applicable here. In this connection, it is particularly significant to note that appellant has heretofore obtained on his direct appeal to this court an unsuccessful review of his claim of insufficiency of evidence to support his conviction. See, United States v. Aviles, 2 Cir. 1960, 274 F.2d 179, cert. denied, 1960, 362 U.S. 974, 80 S.Ct. 1057, 4 L.Ed.2d 1009.[1] This determination necessarily adjudicated the sufficiency of the

---

* Of the Eastern District of New York, sitting by designation.

1. See, Brief of Vito Genovese, p. 17.

evidence as to the individual elements of the crime. Thus, the petitioner's opportunity, which he took, to have the sufficiency of the evidence determined on direct appeal would normally foreclose, and does foreclose here, any attempt to raise the same issue collaterally. See United States v. Re, 372 F.2d 641, 645–646 (2 Cir. 1967 (Waterman, J., concurring)). Since in *Thompson* and *Garner* there was (i) no previous review of the claim of evidentiary insufficiencies, and (ii) a complete lack of evidence to support the convictions, they are inapposite.

■ Appellant predicates his contention of lack of evidence of knowledge of illegal importation upon the fact that there was no evidence of constructive possession permitting an inference of such knowledge.[2] The indictment accused appellant of conspiring to commit the offenses set forth in Section 174, consisting, among other things, of knowingly importing or buying or selling narcotics imported or brought into the United States with knowledge of the illegal importation.[3] Under 21 U.S.C.A. § 174 possession was sufficient to authorize conviction "unless the defendant explains the possession to the satisfaction of the jury." No such explanation was forthcoming. As indicated in Judge Weinfeld's able opinion, there was ample evidence of constructive possession from which the jury could have easily inferred knowledge of illegal importation and, in addition, independent evidence from which an inference of such knowledge was permissible. But appellant claims that the inference from possession was never invoked by the Government or judicially noticed by the court at the trial and there was no such finding by the jury. He asserts that this inference cannot supply evidence of knowledge of illegal importation now missing from the record. The answer is that an inference never appears on the record as evidence but is left to the judgment of the jury. The permissibility of the inference was judicially invoked by the mere reading of Section 174 of Title 21 of the United States Code. Appellant is also foreclosed from raising the point at this late date because of his failure to request a specific instruction upon the point or to object to the instruction as given. Upon this record, the court finds no constitutional questions presented.

■■ As to the charge, even if the attack upon the court's instructions were available under Section 2255, it would be unsuccessful. The trial court instructed the jury on the essential elements of the crime including the relevant portions of Sections 173 and 174 of Title 21 of the United States Code and the five pertinent paragraphs of the indictment. Reading the charge as a whole, the conclusion follows that the trial court adequately informed the jury of the essential elements necessary to constitute the crime of conspiracy under 21 U.S. C.A. § 174. The trial court's mistaken reference to 18 U.S.C.A. § 371 did not affect the substance of its charge under 21 U.S.C.A. § 174. United States v. Bentvena, 2 Cir. 1963, 319 F.2d 916, cert. denied, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271; United States v. Agueci, 2 Cir. 1962, 310 F.2d 817, cert. denied, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed. 2d 11.

The alternative relief based upon the theory that the evidence as to conspiracy could at most support only a conspiracy for distribution of narcotics without registration in violation of 26 U.S.C.A. § 4724(b), or for distribution of narcotics without tax-paid stamps in violation of 26 U.S.C.A. § 4704, both carrying a lesser penalty under 26 U.S.C.A. § 7237(a), or a conspiracy to defraud the United States in violation of 18 U.S.C.A. § 371, also carrying a lesser penalty, must be denied for the reasons above stated.

Affirmed.

---

**2.** See, 21 U.S.C.A. § 174.

**3.** This included possession, trafficking and transportation of narcotics without reg-

istration and without proper stamps. See, 26 U.S.C.A. §§ 4704(a) and 4724.