383 F.2d 107
 Hubert MASON, Appellant,
v.
UNITED STATES of America, Appellee.
Charles Albert GARRETT, Jr., Appellant,
v.
UNITED STATES of America, Appellee.
Samuel Lewis GLADNEY, Appellant,
v.
UNITED STATES of America, Appellee.
Frank WILSON, Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 9420-9423.
 United States Court of Appeals Tenth Circuit.
 October 13, 1967.
 Rehearing Denied in No. 9423 November 1, 1967.
 
 William L. Rice, Denver, Colo., for appellant, Hubert Mason.
 Virginia Malloy, Denver, Colo., for appellant, Charles Albert Garrett, Jr.
 E. M. Heppenstall, Denver, Colo., for appellant, Samuel Lewis Gladney.
 Barkley Clark, Denver, Colo., for appellant, Frank Wilson.
 Milton C. Branch, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.
 Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.
 SETH, Circuit Judge.
 
 
 1
 The four appellants were convicted by a jury of conspiring to knowingly import narcotics into the United States and to conceal, sell, and facilitate transportation of such narcotics with knowledge of illegal importation in violation of 21 U.S.C. § 174, and have taken this appeal.
 
 
 2
 The primary issues on appeal concern the sufficiency of the trial court's instructions to the jury, and the sufficiency of the evidence bearing on the essential elements of a conspiracy under 21 U.S.C. § 174.
 
 
 3
 Appellants contend that the court's instructions to the jury were erroneous because under 21 U.S.C. § 174 the court failed to instruct that the evidence must show that each defendant had knowledge that the narcotics were illegally imported, and that knowledge of one defendant could not be imputed to the other defendants. Section 174 creates a statutory presumption allowing the jury to convict upon proof that the defendants had possession of narcotics absent a satisfactory explanation of such possession. The statutory presumption relieves the Government of the burden of proving the defendants' actual knowledge of illegal importation. Appellants contend that the court mentioned the statutory presumption at the wrong place in the instructions; failed to give an adequate explanation of how the statutory presumption operates; failed to explain actual and constructive possession; and failed to explain that possession of one defendant could not be imputed to the other defendants.
 
 
 4
 Appellants also assert that their motions for acquittal should have been granted because the evidence was insufficient to prove that any defendant had knowledge of illegal importation or possession.
 
 
 5
 The following excerpts from the trial court's instructions on the point are material to the issues raised on appeal:
 
 
 6
 "* * * It is not necessary for the the Government to prove that all the means or methods set forth in the indictment were agreed upon to carry out the conspiracy or that all such means or methods were actually used. But, it is necessary that the evidence establish beyond a reasonable doubt that one or more of the means or methods described in the indictment was agreed upon to be used in an effort to affect or accomplish some object or purpose of the conspiracy as charged in the indictment. Now, one may become a member of a conspiracy without full knowledge of all of the details of the conspiracy. On the other hand, one who has no knowledge of a conspiracy in its object, but which who happens to act in a way which furthers the object or purpose of conspiracy, does not thereby become a conspirator. Before a jury may find that a defendant has become a member of a conspiracy, the evidence must show beyond a reasonable doubt that the conspiracy was formed and that the defendant who is claimed to have become a member, knowingly and wilfully participated in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy.
 
 
 7
 "* * * I repeat once again that you must be convinced of existence of the conspiracy first. You must be convinced of the knowing participation by the individual conspirator, then and only then do the acts and statements of co-conspirators made during the continuation of the conspiracy — And by the way, acts made before would be binding upon the declarant and acts made after the termination of it — arrest usually terminates it. But, during the continuation of the conspiracy, conspirators are agents, one or the other, in effect. Their acts and statements are binding upon the other.
 
 
 8
 "* * * Now another section of the United States Code in effect forbids the wilful importation, transportation, sale, receipt or concealment of a narcotic drug in any way or manner except through legitimate medicinal purposes. Restricted importation, transportation and sale of narcotic drugs by a limited group, such as physicians and druggists, is permitted by law in order to provide a supply for use in alleviating pain and suffering. Otherwise, to import, to sell, to transport a narcotic drug is invalid, and possession of a narcotic drug imports knowledge of its illegal importation. Now, this possession can be actual or constructive, that is to say, possession doesn't mean that it has to be physical or actual possession. Possession can be constructive or through someone else if you are in control of that possession. The term `facilitate' means to make easy or less difficult, hence to facilitate the transportation, concealment, or sale of narcotic drugs means wilfully to do so or wilfully to fail to do so any act which makes it less difficult in any way for the concealment or transportation or sale of narcotic drugs."
 
 
 9
 The instructions did not state that the evidence must show that each defendant had knowledge of illegal importation, nor does it state that the guilty knowledge of one defendant cannot be imputed to the other defendants to establish the conspiracy. The charge does explain the statutory presumption in terms of actual or constructive possession but goes no further, and it does not explain that possession necessary to raise the statutory presumption must be found for each defendant, absent evidence showing actual knowledge of illegal importation. While the court's charge is appropriate for a general conspiracy under 18 U.S.C. § 371, the charge does not focus on particular elements of a conspiracy proscribed by 21 U.S.C. § 174. See United States v. Massiah, 307 F.2d 62 (2d Cir.) rev'd on other grounds, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246.
 
 
 10
 The question presented by this appeal has been considered by the Second and Ninth Circuits. In United States v. Hernandez, 290 F.2d 86 (2d Cir.), the court held that "Possession, actual or constructive, must be shown with respect to each individual conspirator * * * Possession by another defendant by itself is not sufficient." In Hernandez v. United States, 300 F.2d 114 (9th Cir.), the court considered the statutory presumption created by section 174, and held that possession by one conspirator could not be imputed to a coconspirator to establish a presumption that the coconspirator had the requisite knowledge of illegal importation to support conviction for the substantive offenses in section 174.
 
 
 11
 Although the statutory presumption created by proof of actual or constructive possession relieves the Government of proving knowledge of illegal importation, it may, of course, undertake to prove such knowledge directly or circumstantially. In Jefferson v. United States, 340 F.2d 193 (9th Cir.), the court held that specific knowledge of illegal importation must be shown for each conspirator under section 174 because the substantive offenses require proof of specific knowledge of illegal importation. In Jefferson, the court held that an instruction to the effect that specific knowledge of one conspirator could be imputed to all co-conspirators was prejudicial error because it was impossible to determine the basis of the jury's verdict. See also Hernandez v. United States, 300 F.2d 114 (9th Cir.). Although the charge in the case at bar does not expressly instruct that specific knowledge of illegal importation by one defendant may be imputed to the other defendants, the general language of the charge suggests that the jury may do so.
 
 
 12
 In United States v. Massiah, 307 F.2d 62 (2d Cir.), rev'd on other grounds, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, the Second Circuit reversed conspiracy convictions under section 174 because the trial court's instructions on conspiracy applied the general conspiracy statute (18 U.S.C. § 371), and the trial court rejected the idea that "the jury must find that the drugs were imported to the knowledge of each defendant in violation of law." In a subsequent case, United States v. Agueci, 310 F.2d 817 (2d Cir.), the doctrine was not altered. The Ninth Circuit in Jefferson, supra, is more emphatic and goes further regarding instructions pertaining to specific knowledge than the Second Circuit. We consider the Agueci case to express the appropriate rule.
 
 
 13
 The foregoing cases establish that specific knowledge of illegal importation by one defendant cannot be imputed to the other defendants, though direct or circumstantial evidence may justify an inference that a particular defendant had knowledge of illegal importation. The charge in the case at bar as to actual knowledge also fails to instruct that the evidence must show that each defendant had specific knowledge, either by direct or circumstantial evidence.
 
 
 14
 The appellants in the case at bar did not object to the charge as given, but only submitted suggested instructions covering the point. Nevertheless the absence of the required instruction was plain error.
 
 
 15
 Reversed.