**Vito GENOVESE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**68 Civ. 1299.**

United States District Court
S. D. New York.

May 15, 1968.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, for the United States; by David M. Dorsen, New York City, of counsel.

Wilfred L. Davis, New York City, for petitioner.

## OPINION

POLLACK, District Judge.

The petitioner was convicted in 1959 of conspiracy to violate the narcotics laws and was sentenced to imprisonment for 15 years and fined $20,000. The petitioner now moves under 28 U.S.C. § 2255 for release from custody on the ground that the trial judge failed to instruct the jury clearly that knowledge of illegal importation of narcotics was an essential element to be established against the petitioner.

This is the second application by the petitioner under 28 U.S.C. § 2255 challenging the sufficiency of the charge to the jury. The prior petition was denied two years ago, 269 F.Supp. 616 (S.D. N.Y.1966, Weinfeld, J.), and the denial thereof was affirmed, 378 F.2d 748 (2 Cir. 1967, Opin. per Moore, C. J.).

The first petition was denied on the ground that there was more than ample evidence of petitioner's constructive possession to permit a finding of his knowledge of illegal importation of the narcotics. Additionally, as Judge Weinfeld pointed out on the prior application:

"Petitioner makes a further attack based on the trial judge's instructions upon the ground that they did not require the jury 'to find such knowledge in order to return a verdict of guilty of conspiracy to violate 21 U.S.C. §§ 173, 174.' * * * He then read the charging paragraphs of the indictment * * * And, after his general instructions on the law of conspiracy, the jury was instructed:

'You may find those defendants guilty who joined the conspiracy with knowledge of its purpose and acquit those who did not join'."

269 F.Supp. at 619–620.

On the appeal from the denial of the first petition the Court of Appeals stated that:

" * * * it is particularly significant to note that appellant has heretofore obtained on his direct appeal to this court an unsuccessful review. of his claim of insufficiency of evidence to support his conviction. See, United States v. Aviles, 2 Cir. 1960, 274 F.2d 179, cert. denied, [Evola v. United States,] 1960, 362 U.S. 974 [, 80 S.Ct. 1057, 4 L.Ed.2d 1009]. This determination necessarily adjudicated the sufficiency of the evidence as to the individual elements of the crime." 378 F.2d at 749–750.

The Court of Appeals further found, that there was ample evidence from which to infer the petitioner's knowledge of illegal importation and noted the petitioner's failure to request a specific instruction with reference to this matter or to object to the instructions as given.

The Court of Appeals held further that:

"Reading the charge as a whole, the conclusion follows that the trial court *adequately informed the jury of the essential elements* necessary to constitute the crime of conspiracy under 21 U.S.C.A. § 174." 378 F.2d at 750. [Emphasis added].

The Court of Appeals also agreed with the observation of Judge Weinfeld that objection to the instructions was not available under § 2255, no constitutional issue having been presented. Sunal v. Large, 332 U.S. 174, 178–179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); United States v. Sobell, 314 F.2d 314 (2 Cir. 1963), cert. den., 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077 (1963).

Petitioner's current application differs, if at all, from the previous one only in that it alleges that the Court failed to instruct the jury with respect to *each defendant's* knowledge of illegal importation.

Petitioner claims that subsequent to the affirmance of Judge Weinfeld's decision, the case of Mason v. United States, 383 F.2d 107 (10 Cir. 1967), made the instructions in the case at bar inadequate as matter of law. This claim lacks merit.

In *Mason*, the Court reversed a narcotics conviction because the charge to the jury did not explain that possession necessary to satisfy the statutory presumption of knowledge of illegal importation must be established separately for each defendant. While the trial judge did charge the statutory presumption, he did not state that the evidence in a multi-party trial must show that *each* defendant had the requisite knowledge and this could not be imputed from one defendant to the others.

█ In this case the trial judge did not charge the statutory presumption at all and hence it was unnecessary to give the cautionary instructions that specific knowledge by one defendant may not be imputed to another and that the evidence must show that each defendant had specific knowledge. In this case there was no ambiguity involved in the charge. The trial judge stated repeatedly that the evidence must show that each defendant is guilty beyond a reasonable doubt of each of the elements of the crime charged in the indictment and that the evidence must show that each defendant had knowledge of illegal importation. In addition to those instructions already quoted, the jury was told that

"Under our system of law the guilt or innocence of each defendant is an individual matter * * * [and depended on] his own connection with the actions and conduct of the others." Record, p. 1066a.

The Judge further told the jury that " * * * you should * * * determine separately with respect to each defendant whether or not he knowingly and wilfully became a member of the conspiracy * * *." Record, p. 1067a

and that the jury must consider

" * * * with reference to each defendant separately whether or not he or she knowingly and with willful in-

tent became a member of the conspiracy." Record, p. 1064a

The trial judge herein read to the jury, the charging paragraphs of the indictment which enumerated various conspiratorial purposes and the element of the criminal enterprise, among them that:

"* * * defendants * * * would receive * * * buy, sell and facilitate the transportation, concealment and sale of a quantity of narcotic drugs * * * after the said narcotic drugs had been imported and brought into the United States, contrary to law, *knowing* that the said narcotic drugs had been imported and brought into the United States contrary to the law in violation of Sections 173 and 174 of Title 21, United States Code." Record, p. 1060a. [Emphasis added].

The Judge then told the jury that the statute under which the indictment was drawn made it unlawful for any person to "facilitate the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * *" Record, p. 1062a.

And just before the charge was concluded the Judge again reminded the jury that "It is your duty to give separate, personal consideration to the case of each individual defendant. * * * guilt is personal and that each defendant is entitled to have his case determined from his own acts and statements and the other evidence in the case which may be applicable to him." Record, p. 1136a.

█ In the light of the sufficiency of the evidence of defendant's knowledge and the unambiguous instruction that guilt was personal, to be determined separately for each individual, and in the light of the ruling of the Court of Appeals in this case that the charge was sufficient in every respect, the present application cannot be entertained.

The petitioner has had post-conviction review by two District Courts and three Courts of Appeal; the United States Supreme Court has denied certiorari twice, once following a remand. If petitioner's claim is old, it has been disposed of and lacks merit at all events. If it is new, it lacks merit and alternatively it is not reviewable under § 2255.

The motion is, in all respects, denied.

So ordered.