**Namon DANSBY, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 68 Civ. 2547.**

United States District Court
S. D. New York.

Oct. 24, 1968.

Abbott & Bushlow, Ridgewood, N. Y. (Bruce E. Bushlow and Arthur C. Silverman, Ridgewood, N. Y., of counsel), for petitioner.

Robert M. Morgenthau, U. S. Atty., So. Dist. New York, New York City (Stephen E. Williams, Asst. U. S. Atty., So. Dist. New York, New York City, of counsel), for respondent.

## OPINION

MacMAHON, District Judge.

Petitioner Namon Dansby moves pursuant to 28 U.S.C. § 2255 and Rule 33

of the Federal Rules of Criminal Procedure to set aside and vacate his judgment of conviction, or, in the alternative, for a new trial. Petitioner and co-defendant Adam Haynes were charged in a two-count indictment with concealing, selling and facilitating the transportation, concealment and sale of heroin and of conspiring to do so. 21 U.S.C. §§ 173, 174. The judgment of conviction was entered following a verdict of guilty on both counts. Petitioner, a second offender of the federal narcotics laws, is presently serving a sentence of ten years imposed on April 19, 1968.

Petitioner makes two claims for relief: (1) there was no evidence on a material element of the crime, namely, petitioner's knowledge that the heroin was illegally imported, and (2) the testimony of a government witness was perjured and deliberately calculated to mislead the jury. We consider the claims in order.

Petitioner contends that no evidence was presented at trial from which the jury could find that he was in possession of heroin, or that he knew of the illegal importation by some other means. Petitioner argues, therefore, that his conviction was obtained in violation of the United States Constitution because no evidence was presented on a material element of the crime. Although it is not settled, we will assume that failure to introduce evidence on each and every material element of a crime results in a constitutionally infirm conviction.[1]

■ True, no evidence of Dansby's actual possession of heroin was presented at trial. The applicable statute, 21 U.S.C. § 174, provides, however, in pertinent part, that:

"Whenever * * * the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

This provision permits the jury, absent such a satisfactory explanation, to infer knowledge of illegal importation from the fact of possession, actual or constructive.[2] There was evidence of Dansby's dominion and control over heroin sufficient to establish constructive possession.

Agent Peterson testified to earlier arrangements made with one Lowe for the purchase of narcotics. While Peterson was waiting with Lowe, Dansby and Haynes drove up in an automobile. Dansby got out and was introduced by Lowe to Peterson as one of his connections. Dansby asked Peterson how much "stuff" he wanted to buy. Peterson replied that he wanted a quarter kilogram but first wanted a sample. Dansby said he could furnish a sample which had been cut, but that the quarter kilogram would be purer. Dansby asked what Peterson intended to pay, and Peterson told him $3,600. Dansby pointed to Haynes, still sitting in the car, and said that Haynes was his man and the one who had the connection. Dansby said he would get the sample. Peterson and Dansby then entered the automobile with Haynes and drove to the Club Angel in Manhattan. While Haynes was out of the car trying to obtain a sample, Dansby told Peterson that he was in the "junk" business as a side line. Haynes returned, said he could get the sample and that the quarter kilogram would cost $3,550. He then disappeared. Peterson and Dansby waited. Haynes returned, got into the car and handed Peterson two envelopes of heroin in Dansby's presence.[3]

1. Genovese v. United States, 269 F.Supp. 616, 618 (S.D.N.Y.1966), aff'd, 378 F.2d 748 (2d Cir. 1967).

2. Yee Hem v. United States, 268 U.S. 178, 183–185, 45 S.Ct. 470, 69 L.Ed. 904 (1925); United States v. Llanes, 374 F. 2d 712 (2d Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967); United States v. Hernandez, 290 F.2d 86, 89–90 (2d Cir. 1961).

3. Trial transcript, pp. 16–25.

■ The foregoing summary shows that petitioner's challenge is necessarily directed not to the total absence of evidence of possession but to the sufficiency of the evidence. A court has no authority under 28 U.S.C. § 2255 to vacate a conviction based on insufficient evidence.[4]

■ The remedy provided by 28 U.S.C. § 2255 is collateral, and it is not a substitute for appeal.[5] Nor is it available to redress all defects at trial. It can only be used if the judgment was rendered without jurisdiction, the sentence exceeded the authorized maximum or the prisoner's constitutional rights were denied.[6]

■ Even if we were to ignore the settled principle that § 2255 cannot be used to challenge the sufficiency of the evidence, we would still have to reject petitioner's application. There was sufficient evidence for the jury to conclude that Dansby had such a working relationship with a person possessing heroin that he could assure delivery. Moreover, there was evidence that he participated in fixing the price and arranging the sale. This is sufficient evidence of constructive possession to invoke the statutory inference of knowledge of illegal importation.[7] There is thus no merit in petitioner's first claim.

Petitioner's second and alternative claim is that the testimony of one of the government's witnesses, William Lowe, was perjured and deliberately calculated to mislead the jury. The alleged perjury consists of four inconsistencies between the testimony given by Lowe at Dansby's trial and testimony given at a later trial of Carbone and Macchiarelli, two others arrested and convicted as a result of Agent Peterson's undercover work.[8] The challenged testimony related to: (1) whether the last telephone call on August 11, 1964 was in reference to a transaction with Dansby and Haynes or with Carbone and Macchiarelli; (2) whether Lowe was at home or at a bar when he received the last telephone call; (3) whether Peterson and Lowe first met at a bar or on a street corner in the Bronx and (4) whether Lowe introduced Peterson to Dansby or to Dansby and Haynes together.

■ A conviction based on the government's knowing use of perjury violates due process.[9] A petitioner seeking to vacate a judgment of conviction allegedly based on perjured testimony has the burden of establishing that the testimony was perjured, that it was material to his conviction and that the government either participated in the perjury or had knowledge of it.[10] Petitioner's claim is defective on all three grounds.

■ There is no showing of perjury. The most petitioner shows is minor inconsistencies. There is no allegation or proof that the government had knowledge or participated in the alleged perjury. This alone is sufficient reason to

4. Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); Genovese v. United States, supra, 378 F.2d at 749.

5. Sunal v. Large, supra, 332 U.S. at 178, 67 S.Ct. 1588; United States v. Abbinanti, 338 F.2d 331, 332 (2d Cir. 1964); Kyle v. United States, 266 F.2d 670, 672 (2d Cir.), cert. denied, 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109 (1959).

6. United States v. Sobell, 314 F.2d 314, 321 (2d Cir.), cert. denied, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077 (1963).

7. United States v. Beigel, 370 F.2d 751, 756 (2d Cir.), cert. denied, 387 U.S. 930, 87 S.Ct. 2049, 18 L.Ed.2d 989 (1967), affirming 254 F.Supp. 923, 935 (S.D.N.Y.

1966); United States v. Jones, 308 F.2d 26, 30 (2d Cir. 1962).

8. United States v. Carbone, Docket No. 64 Cr. 846, S.D.N.Y.

9. Napue v. People of State of Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791 (1935).

10. Enzor v. United States, 296 F.2d 62, 63 (5th Cir. 1961), cert. denied, 369 U.S. 854, 82 S.Ct. 940, 8 L.Ed.2d 12 (1962); United States v. Spadafora, 200 F.2d 140, 142 (7th Cir. 1952); Boisen v. United States, 181 F.Supp. 349, 351 (S.D.N.Y.1960).

reject this claim.[11] Furthermore, petitioner has not met his burden of establishing that the minor inconsistencies and conflicts in testimony are material to the jury's verdict.[12] We therefore reject petitioner's second claim and turn to his motion for a new trial.

Motions for a new trial are not favored and should be granted only with great caution.[13] The burden of proving the necessity for a new trial is on the petitioner.[14] He must satisfy the court that the jury might have reached a different result without the challenged testimony, or that had the subsequent testimony been presented at the trial it would have "probably" produced a different result.[15]

Where Lowe and Peterson first met, whether Lowe was at home or at a bar when he received Peterson's telephone call on August 11, and whether Lowe introduced Peterson to Dansby or to Dansby and Haynes together are totally irrelevant to whether Dansby had constructive possession of heroin. Petitioner, however, claims the testimony which indicated that the last telephone call on August 11 related to Dansby and Haynes led the jury to find a prior plan to sell heroin. Lowe's uncontradicted testimony concerning a meeting with Dansby on that same night and a telephone call from Dansby the next day gave the jury sufficient evidence to find a prior plan, regardless of which version of the testimony was given at trial. Petitioner has not satisfied his burden of persuading us that the elimination of these inconsistencies or the introduction of

the version given at the later trial would be likely to produce a different result.

Petitioner's motion under 8 U.S.C. § 2255 and Fed.R.Crim.P. 33 to vacate his judgment of conviction, or, in the alternative, grant a new trial is denied.

So ordered.

---

11. Beavers v. United States, 351 F.2d 507, 508 (9th Cir. 1965); United States v. Mauriello, 289 F.2d 725 (2d Cir. 1961).

12. McGuinn v. United States, 99 U.S.App. D.C. 286, 239 F.2d 449 (1956), cert. denied, 353 U.S. 942, 77 S.Ct. 818, 1 L. Ed.2d 762 (1957); Wilkins v. United States, 104 U.S.App.D.C. 337, 262 F.2d 226, 227 (1958), cert. denied, 359 U.S. 1002, 79 S.Ct. 1142, 3 L.Ed.2d 1032 (1959).

13. United States v. Johnson, 327 U.S. 106, 112, 66 S.Ct. 464, 90 L.Ed. 562 (1946);

United States v. Lombardozzi, 343 F.2d 127, 128 (2d Cir.), cert. denied, 381 U.S. 938, 85 S.Ct. 1771, 14 L.Ed.2d 702 (1965).

14. United States ex rel. Darcy v. Handy, 351 U.S. 454, 462, 76 S.Ct. 965, 100 L. Ed. 1331 (1956); United States v. Costello, 255 F.2d 876, 879 (2d Cir.), cert. denied, 357 U.S. 937, 78 S.Ct. 1385, 2 L. Ed.2d 1551 (1958).

15. United States v. Lombardozzi, supra; United States v. Costello, supra.