**UNITED STATES of America**

v.

**Dennis DELANOY and Michael T. Larson, Defendants.**

**No. 93–CR–360.**

United States District Court, N.D. New York.

Oct. 18, 1994.

Levene, Gouldin & Thompson, Binghamton, NY, for defendant Delanoy (John L. Perticone, of counsel).

Law Offices of John W. Young, Binghamton, NY, for defendant Larson (John W. Young, of counsel).

Thomas J. Maroney, U.S. Atty., N.D.N.Y., Binghamton, NY, for the government (Miroslav Lovric, Asst. U.S. Atty., of counsel).

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

Defendants Delanoy and Larson were indicted on thirty-four (34) counts of mail fraud, wire fraud, and conspiracy to commit both mail and wire fraud. A trial in this case commenced on May 3, 1994 and a jury convicted the defendants of all counts on May 19, 1994. Defendants now move for an order pursuant to Fed.R.Cr.P. 29 setting aside the verdict and entering a judgment of acquittal, or in the alternative, an order pursuant to Fed.R.Cr.P. 33 setting aside the verdict and permitting a new trial.

Defendant Delanoy claims that the proof at trial was insufficient to convict him on any of the counts in the indictment, that the court erroneously allowed evidence regarding the Ameriquest Program, and that a requested jury charge was wrongfully denied. Defendant Larson joins these arguments and also claims that the court erred in denying his motion to dismiss the indictment against him and in denying the motion for acquittal made at the end of trial. Larson also contends that the court erred in not granting his motion for a mistrial, wrongfully restricted his cross examination of a government witness, and wrongfully denied his motion to inspect

and copy documents and statements related to the Ameriquest Program.

Larson further argues that the allowance of testimony by government witnesses as to his prior alleged conduct not related to the indictment was wrong. He claims that certain evidentiary rulings were incorrect, and thus the jury was allowed to consider hearsay testimony and evidence without proper foundation. He also claims that the jury was improperly allowed to use a transcript of an audiotape prepared by the government. He claims that the court improperly excluded a portion of a tape played for the jury and improperly permitted a non-expert government witness to state his opinion regarding New York law.

### 1. Motion Pursuant to Fed.R.Cr.P. 29

It is well settled that the defendant advancing a Rule 29 motion has a very heavy burden. *United States v. Khan*, 787 F.2d 28, 33 (2d Cir.1986). An acquittal may be granted pursuant to Rule 29 only if the evidence is insufficient to sustain a conviction. *United States v. Lopez*, 625 F.2d 889, 895 (9th Cir. 1980). The question is whether a reasonable mind might have fairly concluded the defendant was guilty beyond a reasonable doubt. *United States v. Artuso*, 618 F.2d 192, 195 (2d Cir.1980). In determining this motion, the court must draw all reasonable inferences in favor of the prosecution and must examine all the evidence in the light most favorable to the government with respect to each element of the offenses charged. *Id.* "The relevant question is not whether this court believes that the evidence at trial established guilt beyond a reasonable doubt ... rather the proper inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Khan*, 787 F.2d at 33–34, *quoting, Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). This framework assures that the reviewing court will not substitute its own judgment for that of the jury. *United States v. Gaviria*, 805 F.2d 1108, 1116 (2d Cir.1986).

Mindful of this standard, the court finds that the evidence is sufficient to support the jury's verdict. The prosecution presented numerous witnesses and fifty-five exhibits, including three taped recordings—the Binary Assets promotional tape describing how the program worked, a taped conversation between the defendants discussing how the program would operate, and a tape describing another program, known as Ameriquest, in which the defendants were involved. Hannelore O'Neil, the woman who recorded the conversation between the defendants, testified as to the defendants' conduct upon learning of the tape's existence. Furthermore, additional testimony from government witness Frank Byham and defense witness Gary Wahl established that the named defendants were the operators of Binary Assets. This evidence and testimony, taken together with all other evidence presented at trial, and in light of the presumption in favor of the government on a motion for acquittal, shows that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Thus, the court denies defendants' motions pursuant to Rule 29.

### 2. Motion Pursuant to Fed.R.Cr.P. 33

A motion for a new trial pursuant to Fed.R.Cr.P. 33 may be granted "if required in the interest of justice." Fed. R.Cr.P. 33. Under Rule 33, the court has broader powers than it does in determining a motion for acquittal and may consider the credibility of witnesses and may weigh the import of evidence. *United States v. Valentine*, 644 F.Supp. 818, 821 (S.D.N.Y.1986). Despite this, motions for a new trial are "not favored and should be granted only with great caution." *Id., quoting, United States v. Lombardozzi*, 343 F.2d 127 (2d Cir.1965). The decision whether to grant a motion for a new trial is within the sound discretion of the trial court. *United States v. Geders*, 625 F.2d 31, 32 (5th Cir.1980). The district court's decision on such a motion may only be overturned due to an abuse of discretion. *United States v. Webster*, 960 F.2d 1301, 1305 (5th Cir.1992).

In this case, defendants have submitted little which could be considered as grounds

for a new trial. They have asserted that certain erroneous evidentiary rulings allowed into evidence hearsay testimony on a connection between the Ameriquest and Binary Assets operations which was highly prejudicial to the defendants. However, defendants have made no showing as to the importance of this particular evidence as a basis for the conviction, and so the court cannot find that a new trial is necessary.

 The court assumes that the objection to the jury charge raised here is the same as that in the motions for bail pending appeal. There, the defendants asserted that the court committed reversible error when it refused to charge the jury with certain proposed language which essentially stated that thinking about perpetrating a crime is not unlawful, and therefore, statements made by the defendants captured on audiotape and entered into evidence are an insufficient basis on their own to convict the defendants. However, the case from which the defendants drew the proposed language for the jury charge, *United States v. Washington Water Power Co.*, 793 F.2d 1079, 1082 (9th Cir.1986), did not indicate that the trial court should have included such language in the jury charge. Rather, the language cited in the defendants' proposed jury instruction was a discussion by the court of the elements of proving a conspiracy. It was not a discussion of a trial court's necessary instructions to a jury. Thus, there is no evidence before the court which shows that such language must be included in a jury charge, and so the court does not find that it is required in the interest of justice to hold a new trial on this basis.

The other allegations presented as grounds for granting a new trial are wholly unsupported by additional facts or legal arguments. They appear only as conclusory statements in the attorney's affidavit. Therefore, the court does not find that it is necessary in the interest of justice to grant a new trial on any of these remaining grounds. Thus, the defendants' motions for a new trial pursuant to Fed.R.Cr.P. 33 are denied.

In conclusion, the court hereby denies defendants Delanoy and Larson's motions pursuant to Fed.R.Cr.P. 29 and 33.

**IT IS SO ORDERED.**