**John W. McGUINN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13468.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 21, 1956.

Decided Dec. 6, 1956.

---

Appellant filed a brief pro se, and his case was treated as submitted thereon.

Mr. E. Tillman Stirling, Asst. U. S. Atty. with whom Messrs. Oliver Gasch, U. S. Atty. and Lewis Carroll, Asst. U. S. Atty., were on the brief for appellee, submitted on the brief for appellee.

Before WILBUR K. MILLER, BAZELON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from an order denying appellant's motion, filed pursuant to 28 U.S.C. § 2255, to vacate sentence, and for other relief.[1]

Appellant's conviction for rape and sodomy was affirmed by this court in 1951. McGuinn v. United States, 89 U.S. App.D.C. 197, 191 F.2d 477. That appeal disposed of several points urged in the instant motion.[2] These contentions were disposed of adversely to appellant

---

1. This is the latest of a number of similar motions.

2. These points are, in essence: error in the admission of evidence; erroneous charges given to the jury; charges requested by appellant and improperly refused by the trial court; and insufficient evidence to support a conviction.

and are not now available as grounds for vacating his sentence under § 2255.

The remaining points raised in appellant's motion are that he was denied adequate representation by counsel, that his conviction was effected by the use of perjured testimony, that he was denied compulsory process to obtain a witness, and that he was induced by the police to incriminate himself by the use of "alcohol drugs" and "emotional exhaustion."

■ We have reviewed the record of the trial. This record demonstrates that appellant had experienced, competent counsel, whose representation of appellant was adequate, and that counsel was diligent in his defense of appellant.

■■ The first allegation of perjury concerned a government witness who testified as to the complainant's emotional state following the alleged offense. Appellant tells us that this witness lied when she testified that she did not know him. If that testimony was false, appellant knew it at the trial but made no attempt to demonstrate it by cross examination, by his own testimony or by that of rebutting witnesses, who were as readily available then as now. Appellant must be regarded as having waived this objection. The other allegation of perjury, having to do with the position of the coat of appellant,[3] involves a not unusual situation where witnesses' recollections differ as to immaterial matters.

■ The contention that appellant was denied compulsory process to obtain the testimony of a physician who had examined the complaining witness is likewise without merit. Appellant was not denied compulsory process as he never asked that the witness be subpoenaed. Further, the medical report of this physician was admitted in evidence on behalf of appellant and was a reasonable substitute for the physician's testimony, in view of the fact that he was in California at the time of the trial. There is no claim that the testimony of the witness would have been different from the statement admitted in evidence.

■ With respect to the contention that the signed statement executed by appellant was extorted, this matter should have been raised at the trial but the statement was not attacked, either there or on the appeal from his conviction.

The circumstances surrounding the execution of that statement were inquired into at trial by both the government and defense counsel. Nothing in the testimony of the officer who procured it was contradicted; and that testimony, which was corroborated by appellant's testimony, indicates that the statement was admissible. In any event, no objection to the statement having been uttered at trial or on the appeal therefrom, it seems clear that it is now too late to raise this point.

The order appealed from must be and is

Affirmed.

---

3. The complainant is said to have testified that appellant threw his coat onto the back seat of the car used in connection with the alleged crime, while the arresting officer is said to have testified that he found the coat neatly folded on the back seat of the car.