(No. 36383.—

The People of the State of Illinois, Defendant in Error, *vs.* Robert Lueck, Plaintiff in Error.

*Opinion filed May 25, 1962.*

Hershey, C.J., dissenting.

Bellows, Bellows and Magidson, of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney of Chicago, (Fred G. Leach, and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and M. Robert Ostrow, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

A jury in the criminal court of Cook County found Robert Lueck guilty of the crimes of conspiring to commit larceny and conspiring to receive stolen property and fixed his sentence at imprisonment in the county jail for a term of one year. Fred Dittmer, Jr. and DeKoven S. Crowley, codefendants and alleged co-conspirators with Lueck, pleaded guilty. Lueck brings this writ of error to review his conviction.

Defendant asserts, among other things, that he was denied due process of law when the prosecution knowingly used perjured testimony. Codefendant Dittmer testified that the State's Attorney had not offered him any inducement for testifying as a witness. The record shows however

that when Dittmer pleaded guilty, the prosecutor, in the presence of Dittmer, told the court: "* * * the State has agreed and stated and made representations to these two defendants, through their counsel, that in the event that these two defendants, Crowley and Dittmer, do testify on behalf of the State in the matter involving the defendant, Robert Lueck, * * * that the State will recommend that both of these defendants be placed on probation for a term of two years. Therefore, I ask your honor to delay the sentencing of these two defendants until such time as we dispose of the case involving the defendant Lueck."

In *Napue* v. *People,* 360 U.S. 264, 3 L. ed. 2d 1217, 79 S. Ct. 1173, a principal witness for the People testified that he had received no promise of consideration in return for his testimony. The prosecution had in fact promised him consideration, but it did nothing to correct the false testimony. The Supreme Court held that the failure of the prosecutor to correct the testimony of the witness, which he knew to be false, denied Napue due process of law in violation of the fourteenth amendment to the constitution of the United States.

While the People have attempted to draw several distinctions between the *Napue* case and this one, they are without a difference. The testimony of Dittmer could have effected the result of the trial. We are of the opinon, therefore, that the fourteenth amendment of the Federal constitution and section 2 of article II of our constitution require that this conviction be set aside. The judgment of the criminal court of Cook County is accordingly reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. CHIEF JUSTICE HERSHEY, dissenting:

The court bases its decision squarely upon *Napue* v. *Illinois,* 360 U.S. 264. But the facts of this case do not square with those in *Napue.* Despite the reluctance of the majority

to see any difference in the two cases, there are two significant points of distinction, and at least one of them is so fundamental that it should not be brushed aside as a distinction without a difference.

In the first place, the question in the *Napue* case was definite and unambiguous, and the answer to that question clearly constituted perjury. Here, the question which evoked the allegedly perjured testimony was indefinite and ambiguous, and the answer, though undoubtedly misleading, was not unquestionably perjurious.

If the foregoing were the only point of distinction between the two cases, I might not feel compelled to register my dissent. There is, however, a more fundamental difference, one that should have led to a different result in this case. In the *Napue* case, the fact that perjury had been committed was not known to the defendant until after his trial. Here, assuming that the testimony was perjured, the fact that false testimony was being given was known to the defense at the time of trial, and the means of combatting the false testimony were available at the trial. But the defense made no attempt at the trial to expose the falsity of the testimony or to combat its effect. Like other constitutional rights, the right to claim a denial of due process on the ground that testimony given for the prosecution was perjured may be waived (See Annotations: 2 L. ed. 2d 1575, 1577; 3 L. ed. 2d 1991, 1992) and it is waived when a defendant, knowing at the trial that testimony is false, makes no attempt to demonstrate its falsity either by cross-examination, by his own testimony, or by other evidence available. (*Mc-Guinn* v. *United States*, (D.C. cir.) 239 F.2d 449, cert. den. 353 U.S. 942; *Taylor* v. *United States*, (8th cir.) 229 F.2d 826, cert. den. 351 U.S. 986; *Green* v. *United States*, (1st cir.) 256 F.2d 483, cert. den. 358 U.S. 854; *Green* v. *United States*, 158 F. Supp. 804. Cf. *People* v. *Lewis*, 22 Ill.2d 68.) That is the precise situation here. For this reason, I would affirm the judgment of the trial court.