Howard FRYE, Movant-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 14535.

United States Court of Appeals
Seventh Circuit.

Oct. 20, 1964.

Rehearing Denied Nov. 13, 1964.

John F. Dunn, Decatur, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Erwin I. Katz, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Howard Frye, movant, has appealed from an order of the district court denying his motion, filed September 23, 1963, pursuant to 28 U.S.C.A. § 2255, to vacate its judgment convicting him of each of the offenses alleged in a nine-count indictment.

Frye and one Coyit Baker were charged with nine violations of 26 U.S.C.A. § 4705(a) and 21 U.S.C.A. § 174, regulating the importation, purchase and sale of narcotic drugs. A third defendant was Fred Coduto, who was charged in five counts.

After a trial by jury during which Frye was represented by his own attorney, each defendant was found guilty on all counts applicable to him. All of the defendants appealed and we affirmed. United States v. Coduto, 7 Cir., 284 F.2d 464 (1961).

We now refer to certain facts established at the jury trial resulting in Frye's conviction and set forth in his brief.

Neary McNeal, a convicted narcotics peddler, testified that on August 8, 1958, he had a conversation with Illinois states attorney police officers Turnbou, Schroeder and Tracy and that he gave Schroeder a telephone number to call; that, after Schroeder made the call to that number, he and McNeal both held the receiver between their heads and Schroeder listened while McNeal talked with Frye and made an appointment to meet him later that

night.   Schroeder testified to the same effect.

Schroeder then took from McNeal all his personal belongings and McNeal and Turnbou went to a place in Chicago in an automobile, where McNeal left the car and entered the Knotty Pine Barbecue.   At 9 P.M. McNeal saw Baker and Frye seated in a car and he entered the car and talked with them.   According to his own testimony, McNeal remained in the car about four hours when Frye and Baker talked about Coduto and the price of narcotics in Kansas City.   Frye said he was going to call Coduto and he left the car.   When he returned in a short time a Ford stopped and McNeal saw Coduto in it.   Frye thereupon entered the Ford which drove off and then returned.   Frye re-entered the car in which he had been sitting and asked McNeal if he could get along with two ounces instead of three and told him that he would be out of town for two, three or four days.   Later Frye left the car but then returned.   He told McNeal that he would call him the next morning.   McNeal left the car and went home.

On August 9, at 4 P.M., McNeal received a phone call from Baker and met him at 7 P.M.   Shortly before that he met Schroeder, Turnbou and Tracy. Schroeder drove McNeal to a place where he left the car and joined Baker and had a conversation wherein, according to McNeal, Baker asked if he had any money for Frye and received a negative answer. Baker pointed to a white Packard in a parking lot and told Frye to go there and a girl would give him the "stuff".   McNeal did so and received a package.   He walked away and met Schroeder, Turnbou and Tracy and gave the package to Schroeder.

There was further testimony of McNeal with reference to similar transactions.

■   1.   Frye charges perjury by McNeal and that matters, including those referred to in the evidence to which we have just referred, establish the knowing use by the government of the "perjured testimony of the witness McNeal".   However, we find nothing in the record to indicate that the acceptance by the jury of the testimony of McNeal as true would not be justified because of the facts now relied on in the present proceeding.   Neither do we find any showing in the facts now relied on by Frye tending to prove that there was a knowing use by the government of any perjured testimony of McNeal at the trial which resulted in Frye's conviction.   His motion and the files and records of the case conclusively show that he is entitled to no relief on the ground which we have here discussed.

2.   In this court Frye calls attention to McNeal's denial on cross-examination that he had talked to either government attorney before testifying.   However government counsel admitted that this denial was not true and that McNeal was lying when he said that he had never talked to government attorney Montgomery (who was one of the attorneys prosecuting the case).   These proceedings took place before the jury.

■   Frye heretofore submitted to this court on direct appeal the issue of the alleged use of perjured testimony against him.   In United States v. Coduto et al., supra, Frye's counsel raised this issue twice in his brief and again in his reply brief.   Under the established rule, therefore, this contention is not available as a ground for vacating his sentence in this case brought under § 2255.   McGuinn v. United States, 99 U.S.App.D.C. 286, 239 F.2d 449, 450–451 (1956) ;  Pelley v. United States, 7 Cir., 214 F.2d 597, 599, 600 (1954) ;  cf. United States v. Spadafora, 7 Cir., 200 F.2d 140, 142 (1952).

■   3.   In this court, Frye's counsel also asks reversal on the ground that Frye was not afforded an opportunity to speak on his own behalf prior to sentencing.

Rule 32(a) of the Federal Rules of Criminal Procedure [1] provides:

"(a)   *   *   *   Before imposing sentence the court shall afford the

[1]. 18 U.S.C.A. Rule 32(a).

defendant an opportunity to make a statement in his own behalf * *."

Counsel in their briefs are not in agreement as to whether the court did or did not afford movant the opportunity referred to in the rule. However, we are of the opinion that Frye's contention in this respect cannot be raised in a § 2255 proceeding, which is a collateral attack.[2] In Hill v. United States, 368 U.S. 424, at 428, 82 S.Ct. 468, at 471, 7 L.Ed.2d 417 (1962), the court said:

"The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. * * * "

At 429, 82 S.Ct. at 472, the court added:

" * * * We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule."

In Machibroda v. United States, 368 U.S. 487, at 489, 82 S.Ct. 510, at 511, 7 L.Ed.2d 473 (1962), the court said:

"For the reasons stated in Hill v. United States, 368 U.S. 424 [82 S. Ct. 468, 7 L.Ed.2d 417] we hold that the failure of the District Court specifically to inquire at the time of sentencing whether the petitioner personally wished to make a statement in his own behalf is not of itself an error that can be raised by motion under 28 U.S.C. § 2255 or Rule 35 of the Federal Rules of Criminal Procedure."

For all of these reasons, we affirm the order of the district court from which Frye has appealed.

We appointed John F. Dunn, Esquire, member of the bar of the state of Illinois, to represent movant in this court. Mr. Dunn has rendered diligent service in performing his duty in that respect, for which we express our appreciation.

Order affirmed.

---

2. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); and see the language of § 2255 itself.