John T. DIRRING, Petitioner, Appellant,

v.

**UNITED STATES of America,**
**Respondent, Appellee.**

**No. 6760.**

United States Court of Appeals
First Circuit.

Jan. 10, 1967.

Richard E. Floor, Boston, by appointment of the Court, for appellant.

Albert F. Cullen, Jr., Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Petitioner Dirring and one Gleason were tried twice on a two count indictment for planning and executing the robbery of a national bank in Avon, Massachusetts. The first trial ended in a "hung jury"—the second in verdicts of guilty. Following sentence,[1] Dirring appealed. We affirmed the conviction.[2] Dirring v. United States, 328 F.2d 512 (1st Cir. 1964), cert. denied, 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 (Dirring I). From time to time since his conviction, petitioner has sought various post-conviction remedies, among them four motions for new trial. These motions were denied—the last two without a hearing. From the denial of the last one, petitioner appealed pro se to this court.[3] We affirmed the order of the district court. Dirring v. United States, 353 F.2d 519 (1st Cir. 1965), (Dirring II).

A few months later he was back in the district court—again pro se—this time with the instant motion to vacate sentence under 28 U.S.C. § 2255.[4] Submitted with it were several lengthy affidavits in support of the numerous grounds alleged. The district court denied this motion without a hearing [5] and for the third time in as many years petitioner appeals to us seeking redress of his alleged grievances. This appeal was taken pro se but later, at petitioner's request, we assigned counsel.[6]

The basic issue on appeal is whether the district court erred in denying the petitioner a hearing on the issues raised by his § 2255 motion.[7] All but two of the grounds for relief set forth in this motion have already been

---

1. Dirring received concurrent sentences of five and twenty years which he is now serving.

2. The bank was robbed by two masked men. The principal question then before us was whether there was sufficient evidence for the jury to find that Dirring was one of them. We held that there was sufficient evidence.

3. He also appealed from the denial of motions for assignment of counsel and for compulsory process to witnesses which were filed with this motion and were denied without hearing at the same time.

4. He calls it a motion to vacate judgment. By whatever name, we regard it as a § 2255 motion to vacate sentence.

5. At the same time the court also denied several related motions without a hearing but granted petitioner leave to file and proceed in forma pauperis.

6. At the time petitioner moved in this court for assignment of counsel he had already submitted his brief pro se. The attorney we assigned to represent him filed a supplemental brief and based his oral argument on both briefs.

7. Section 2255 provides that "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing * * *."

fully reviewed by this court in *Dirring* I and II and were found to be without merit.[8] On a motion to vacate sentence (or judgment) we will not re-review grounds for relief previously considered and determined. As to these grounds, petitioner is not entitled to another review. D'Ercole v. United States, 361 F.2d 211, 212 (2d Cir. 1966); Frye v. United States, 337 F.2d 385, 386 (7th Cir. 1964), cert. denied, 380 U.S. 925, 85 S.Ct. 927, 13 L.Ed.2d 810 (1965). Although the strict doctrine of res adjudicata does not apply to § 2255 motions, it is firmly settled that issues disposed of on a prior appeal will not be reviewed again by way of such a motion. Grene v. United States, 360 F.2d 585, 586 (5th Cir. 1966); Medrano v. United States, 315 F.2d 361, 362 (9th Cir.), cert. denied, 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed. 2d 81 (1963). Indeed, an appeal from the denial of a § 2255 motion which attempts to raise again questions which had been previously determined may be dismissed as frivolous. Lipscomb v. United States, 312 F.2d 891, 892 (8th Cir.), cert. denied, 374 U.S. 810, 83 S.Ct. 1702, 10 L.Ed.2d 1034 (1963).

The only new grounds for relief alleged in the instant motion are (1) that the trial judge prematurely and erroneously discharged the alternate juror before the second trial was concluded, and (2) that petitioner in being forced to trial a second time was subjected to double jeopardy in violation of his Fifth Amendment rights.

■■ As to the first, it appears that on the final day of the second trial, when it was evident the trial was about to conclude, the court stated that since all the regular jurors were present the alternate juror would no longer be needed and thereupon excused him. Thereafter two witnesses were called and examined briefly; followed by arguments of counsel and the court's charge. The case was then given to the jury and verdicts of guilty were returned—all on the same day. Petitioner contends that under 24 (c) of the Fed.R.Crim.P. the alternate juror should not have been discharged until after the jury had retired to consider its verdict; that in excusing him prior to that time an illegally constituted jury resulted and by reason thereof all subsequent proceedings were in violation of his rights under the due process clause. We see no merit whatever in this contention. Under Rule 24(c) the selection of alternate jurors is entirely discretionary with the court. Neither party is entitled to alternate jurors as a matter of right.

The gist of petitioner's double jeopardy argument is that the government, having put him to a trial that ended in a hung jury and in which he alleges the government wrongfully suppressed certain evidence[9]—which evidence could have tilted the divided jury in his favor—it thereby deprived him of his chance of acquittal. Hence he claims that the second trial for the same offense violated the Double Jeopardy Clause. From this he argues that the district court erred in denying his § 2255 motion without a hearing on the question of whether such evidence was in fact wrongfully suppressed at the first trial.

In *Dirring* II petitioner made this same contention on substantially the same evidence under the guise of prosecutorial misconduct. There he related it solely to the second trial. In that case we specifically found there was no

---

8. This includes petitioner's complaint that he was wrongfully denied counsel on his fourth motion for a new trial. This point was adequately covered in *Dirring* II and we see no need to re-examine it.

9. Petitioner argues that the prosecutor deliberately failed to disclose at the first trial that two prosecution witnesses who had identified him from a police "mug shot" at the hearing before the grand jury wanted to repudiate this identification. There were two other allegations of suppression of evidence by the prosecutor relating to petitioner's alibi but he did not brief or argue one and waived the other for the purpose of this appeal. Therefore we do not consider them.

valid factual basis for this contention and dismissed it as being without merit. Thus we are faced with but another aspect of the same factual situation which has twice been fully reviewed by this court. Petitioner attempts to bolster this latest contention with new affidavits. We have carefully examined these affidavits and find that the factual situation is still not adequately presented. Although we have previously advised petitioner of the inappropriateness of hearsay affidavits, see *Dirring II, supra;* cf. United States v. Pisciotta, 199 F.2d 603 (2d Cir. 1952), he still persists in resorting to them.

■ In support of his claim of prosecutorial misconduct he submits two affidavits, one by his former co-defendant Gleason and the other by a fellow inmate, stating they had been told by two government witnesses in the first trial that government counsel had coerced them not to change their grand jury identification of petitioner—which they had wished to do.[10] These affidavits are pure hearsay.

■■ We can well understand that petitioner does not enjoy his incarceration. However, a § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as a routine review at the behest of a defendant who is dissatisfied with his sentence. Although we conceive it to be our duty to guard zealously the rights of defendants in criminal cases, we think the time has come to admonish the petitioner in this case that he can no longer expect to presume upon the time and patience of this court with successive groundless appeals.

■ The motion and the files and records of this case conclusively show that this petitioner is entitled to no relief and in our opinion the district court was correct in dismissing his § 2255 motion without a hearing.

Affirmed.

10. See footnote 9.