MAGNOLIA ROSS *v.* STATE OF INDIANA.

[No. 1076S343. Filed June 29, 1978.]

*Nick Thiros, Cohen & Thiros,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

PRENTICE, J.—After trial by jury, Defendant (Appellant) was found guilty of Inflicting Injury in the Perpetration of Robbery, Ind. Code § 35-13-4-6 (Burns 1975), for which she was sentenced to life imprisonment, and Robbery, Ind. Code § 35-13-4-6, for which she was sentenced to imprisonment for not less than ten, nor more than twenty-five years. Some six years following the conclusion of her trial, Defendant was granted permission to file a belated motion to correct errors. An evidentiary hearing was conducted and the motion was denied. This direct appeal presents the following issues:

(1) Whether the trial court erred in its finding of fact that the testimony of one of the State's witnesses had not been given pursuant to the terms of a plea bargain, and if the court did so err, was the defendant thereby denied due process of law by the State's failure to advise the jury of such plea agreement.

(2) Whether the defendant was denied the effective representation of counsel by her court appointed attorney acting as counsel for one of her co-defendants, and also by defense counsel's law partner acting as counsel for two other co-defendants.

## ISSUE I

Defendant, Spencer, Ivy, Fayson, Gillespie, and Hemphill were all charged with participating in the same criminal activity: beating and robbing a priest. The defendant was the only one of the six to stand trial. The others pleaded guilty to the charge of robbery. Spencer and Ivy testified for the State at Defendant's trial, and during the cross-examination of Spencer, defense counsel inquired if the witness had been promised any consideration by the State in return for his testimony, and he replied that he had not.

Subsequently, in the belated motion to correct errors, Defendant alleged that Spencer had committed perjury concerning his plea agreement with the State, and that the prosecutor's failure to correct this false testimony had denied the defendant due process of law.

Following the hearing upon the motion to correct errors, the judge determined that all of the defendants had been offered the identical plea arrangement, and that Spencer's testimony had not been required by his plea agreement with the State.

The defendant argues that the judge's finding of fact is not supported by the evidence, and that she was denied a fair trial upon the authority of *Napue* v. *Illinois*, (1959) 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217. In *Napue*, the Court stated:

> "The principle that a State may not knowingly use false evidence including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness. The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocense, and it is upon such subtile factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." 360 U.S. 269, 3 L.Ed.2d 1221.

Without regard to the claim that the court's finding was not supported by sufficient evidence, it is apparent that the

defendant waived error, if any, presented by Spencer's testimony. During the hearing upon the belated motion to correct errors, Defendant's trial counsel testified that at the time of trial, he was aware of Spencer's plea agreement with the State. One who has been convicted of a crime may not later contend that he has been denied a fair trial because of false testimony of a government witness, if it appears that he knew at trial that the testimony was false but, nonetheless, made no attempt to demonstrate its falsity by cross-examination, by his own testimony, or by offering rebuttal witnesses who were readily available. *Evans v. United States*, (7th cir. 1969) 408 F.2d 369; *Green v. United States*, (D.C. Mass 1958) 158 F.Supp. 804, affirmed (1st cir. 1958) 256 F.2d 483, cert. den. 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87; *McGuinn v. United States*, (1956) 99 App. D.C. 286, 239 F.2d 449, cert. den. 353 U.S. 942, 77 S.Ct. 818, 1 L.Ed.2d 762; *Taylor v. United States*, (8th cir. 1956) 229 F.2d 826, cert. den. 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; Anno., 2 L.Ed.2d 1575; Anno., 3 L.Ed.2d 1991.

## ISSUE II

Defendant further contends that she was denied effective representation of court appointed counsel by her trial attorney's also representing co-defendant Fayson, who pleaded guilty prior to Defendant's trial, and by her trial attorney's law partner's representing Spencer and Ivy, both of whom testified against the defendant and pleaded guilty following her trial.

Simultaneous representation of co-defendants is fraught with the potential for chaos at worst and frustration at best. It should be avoided as the plague. Code of Professional Responsibility, Canons 4, 5 and 9; Ethical Considerations 5-14, 15, 16, 17; 9-2. The road of litigation is full of blind curves, and this is especially true of criminal litigation. The lawyer who finds himself pledged to clients with conflicting interests has no completely safe haven.

Even total severance leaves pitfalls, both for the clients and the lawyer. For the clients, it is likely that some unfavorable inference will arise; and for the lawyers, they should remember that the unsuccessful litigant seldom appreciates the subleties of the rules or remember the caveats issued before the stewardship was undertaken.

Nevertheless, such representation is not *per se* evidence of ineffective representation. *Martin* v. *State,* (1974) 262 Ind. 232, 314 N.E.2d 60. Defendant's Sixth Amendment rights are threatened by joint representation when an actual conflict of interests exists. *Holloway* v. *Arkansas,* (1978) 435 U.S. 475, 93 S.Ct. 1173; *Glasser* v. *United States,* (1942) 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; *Martin* v. *State, supra.* But, in the absence of an in-trial objection by the attorney who is being compelled by a court appointment to serve two masters with conflicting interests, actual prejudice must be shown, *Holloway* v. *Arkansas, supra.*

Defendant claims that a conflict of interest existed between herself and Fayson, and that the defense could not mitigate the extent of the defendant's involvement in the crime by casting the blame upon Fayson for fear of jeopardizing Fayson's plea agreement. Furthermore, the defendant claims that Ivy's and Spencer's plea agreements were dependent upon casting the bulk of culpability upon the defendant, and that the defense was thereby restrained from effective cross-examination with a view towards impeachment.

The State's case against the defendant was strong. The defendant herself testified and admitted her participation in the crime. The only conflict between her testimony and that of Ivy and Spencer concerned their relative culpability. Spencer testified that the defendant wielded the baseball bat which was used to subdue the priest prior to the taking of his coat and wallet; while the defendant, of course, claimed that Spencer was the one who did the deed. The relative degree of each defendant's culpability was irrelevant, however, in view of the defendant's clear guilt. The

law of Indiana provides, and the jury was so instructed, that one who aids or abets the commission of a felony is equally as guilty as the actual perpetrator of the crime. Assuming that defense counsel may have been influenced by considerations presented by his direct or indirect involvement with various of the co-defendants, that influence could not have affected the outcome of defendant's trial, and any error presented by the representation of multiple defendants was harmless beyond a reasonable doubt.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J., and Hunter and Pivarnik, JJ., concur; De-Bruler, J., dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—Ross' trial lawyer was appointed for her by the trial court. At trial he was called upon to conduct cross-examination of the co-defendant Spencer. Spencer had just provided critical evidence of Ross' guilt and Ross' lawyer knew that Spencer had a verbal agreement with the prosecution to enter a plea of guilty to robbery in return for a dismissal of the count for inflicting an injury during the felony which plea and dismissal had not yet taken place. At that time Spencer's trial had been set for the week after Ross' trial. At the time of Ross' trial, Ross' lawyer and Spencer's lawyer were partners in the same law firm.

While no cases have been presented which specifically so hold, it is apparent to me that for Sixth Amendment purposes, Ross and Spencer must be considered to have been jointly represented by the same person. Law partners share the burdens and benefits of their legal enterprise. They commonly share offices, libraries, files, secretarial staff, and the making of legal decisions on behalf of clients. In fact, Ross' lawyer testified at the hearing below that he had learned of Spencer's agreement with the prosecution through consultation with his partner who represented Spencer.

It is, of course, well settled that joint representation of co-defendants by a single attorney does not necessarily demonstrate a conflict of interest and a denial of the assistance of counsel. *Martin* v. *State*, (1974) 262 Ind. 232, 314 N.E.2d 60. However, where one of several jointly represented co-defendants actually testifies against the others, and is cross-examined by their common counsel, a conflict of interest has been firmly established. Here Ross' need was to have Spencer shown through cross-examination to have been unworthy of belief, while at the same time Spencer's need was to have his credibility maintained. This conflict of interest would have been so obvious to the trial judge that he should have intervened in the trial prior to the commencement of the cross-examination of Spencer and should have sought a waiver of counsel from Ross and failing that, he should have prevented the continued representation of Ross by her then counsel.

The trial judge hearing the post-conviction petition was clearly in error in concluding that no conflict of interest existed warranting reversal of Ross' conviction. The conflict was shown and it denied Ross the assistance of counsel and could not have been harmless beyond a reasonable doubt. *Holloway* v. *Arkansas*, (1978) 435 U.S. 475, 98 S.Ct. 1173. I would, therefore, vote to reverse the judgment of the trial court and order judgment for Ross directing that she be granted a new trial.

NOTE.—Reported at 377 N.E.2d 634.