66 F.3d 306
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Thomas A. FAULHABER, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 95-1427.
 United States Court of Appeals, First Circuit.
 Sept. 25, 1995.
 
 Cheryl J. Strum on brief for appellant.
 David J. Apfel, Assistant United States Attorney, and Donald K. Stern, United States Attorney, on brief for appellee.
 Before SELYA and STAHL, Circuit Judges, and GORTON,* District Judge.
 PER CURIAM.
 
 
 1
 We summarily affirm the dismissal of the petition brought by Thomas A. Faulhaber pursuant to 28 U.S.C. Sec. 2255 (1994) for essentially the reasons set forth in the thoughtful report of the magistrate judge, dated November 4, 1994, thereafter adopted by the district court on de novo review. We pause only to emphasize a few points.
 
 
 2
 First, the rule is clear that claims raised and rejected on direct appeal may not be resurrected on collateral review under the aegis of a section 2255 petition. See Barrett v. United States, 965 F.2d 1184, 1190 n. 11 (1st Cir.1992); Murchu v. United States, 926 F.2d 50, 55 (1st Cir.1991), cert. denied, 502 U.S. 828 (1991); Dirring v. United States, 370 F.2d 862, 864 (1st Cir.1967), cert. denied, 377 U.S. 1003 (1964). The petitioner ignores this rule, rehashing several arguments that this court previously rejected as unavailing. See United States v. Faulhaber, 929 F.2d 16 (1st Cir.1991).
 
 
 3
 Second, the petitioner's claim that he did not receive constitutionally effective assistance from the attorneys who handled his trial and his direct appeal is bootless. The record bears witness that petitioner's trial counsel provided him with a stellar defense, and that his direct appeal was handled in a thoroughly professional manner. In no way can the alleged errors in failing to object when the financial instruments upon which the criminal charges were based were termed "checks" rather than "drafts" be said to have affected the outcome of his trial or to have lengthened his sentence.
 
 
 4
 To say more would be to paint the lily. On the face of the petition, dismissed as meritless by the very judge who presided over Faulhaber's original trial, Faulhaber can satisfy neither the performance nor prejudice prong of the test for ineffective assistance. See, e.g., Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir.1994) (setting forth applicable constitutional standard), cert. denied, 115 S.Ct. 940 (1995).
 
 
 5
 Petitioner also alleges, as before, that the government failed to produce exculpatory evidence in violation of its obligations under Brady v. Maryland, 373 U.S. 83 (1963). During pretrial discovery the prosecution gave petitioner the benefit of open access to all its files. We agree with the government (and with the magistrate) that the "undiscovered" deposit slips to which petitioner now alludes either are imagined or, to the extent they exist, would most probably have reinforced the prosecution's case if submitted into evidence. At any rate, we rejected a version of this claim on direct appeal as impuissant, and Faulhaber is foreclosed from raising it again by means of a section 2255 petition. And, moreover, the passage of time has not increased the potency of the asseveration.
 
 
 6
 It follows inexorably that the district court did not abuse its discretion in denying petitioner an evidentiary hearing on the Brady claims. See United States v. McGill, 11 F.3d 223, 225-26 (1st Cir.1993); United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989); Baumann v. United States, 692 F.2d 565, 572-73 (9th Cir.1982); cf. United States v. Panitz, 907 F.2d 1267, 1273-74 (1st Cir.1990).
 
 
 7
 We need go no further. Although hope springs eternal, points fully considered and properly rebuffed cannot rewardingly be relitigated in perpetuity. Since this appeal flies in the teeth of that truism, and presents no fairly debatable issue of fact or law, the judgment of the district court must be summarily affirmed. See 1st Cir. R. 27.1.
 
 
 8
 Affirmed.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation