**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John A. GEDERS, Defendant-Appellant.**

No. 77–5037.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1978.

Rehearing Denied Jan. 10, 1979.

Arnold D. Levine, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Anthony J. LaSpada, Asst. U. S. Atty., Tampa, Fla., Mervyn Hamburg, Atty., Appellate Section, Criminal Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, CLARK, GEE, TJOFLAT, HILL, FAY, RUBIN, and VANCE, Circuit Judges.*

**PER CURIAM:**

John A. Geders was convicted of conspiracy to import marijuana, importation of marijuana, and possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 952(a), 960(b), and 841(a)(1). At his trial Geders raised the defense of entrapment and testified on his own behalf to establish that defense. The government attempted to rebut Geders' entrapment claim by introducing statements made by Geders to government officials concerning narcotics-related activities to attack the credibility of his testimony by demonstrating that his past conduct showed a predisposition to engage in the crime charged. The statements introduced related to Geders' illicit associations with one Pedro Alvarez, and had been made at a meeting between Geders and government officials seeking information concerning Alvarez' activities. The meeting between Geders and government prosecutors and investigatory officials, at which the challenged statements were made, took place after Geders had been indicted on the marijuana importation charges.

On appeal, Geders objects to the use of those statements on the grounds that they were made during a plea bargaining process and thus were barred by Fed.R.Crim.P. 11(e)(6). Geders also asserts that they were introduced in contravention of a government promise to him that nothing said at the meeting would be used against him. Geders argues that use of the statements was a violation of the rule that government promises must be kept, laid down in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

A panel of this court reversed and remanded the judgment of conviction against Geders, 566 F.2d 1227, holding that statements made by Geders which implicated him in other criminal conduct were admitted contrary to the provisions of Rule 11(e)(6) because they were made in connection with, and relevant to, a plea of guilty or an offer to plead guilty; or, alternative-

* Judge Roney did not participate in the consideration of this case.

ly, if not barred by Rule 11(e)(6), Geders' statements were admitted in violation of the principle laid down in *Santobello*.[1] We agreed to review en banc the panel's decision, 566 F.2d 1235.

## I.

The issue of whether Geders' statements had been made "in connection with, and relevant to, an offer to plead guilty" was not presented to the trial court, so we do not have the benefit of a trial court's finding on this appeal. Geders testified that his making of the statements was initiated by an agent of the United States who stated that he wanted information concerning Alvarez and who "talked about helping me out in my case." In response to the question, "Were you going to plead guilty?", Geders replied, "He [the agent] mentioned something about pleading and I said that I didn't want to because I felt I was innocent of the charge in my case. I would work out and cooperate but not by pleading guilty." Geders also testified that the agent proposed to talk to the judge about dropping the charges against him and that he, Geders, "told him that I wouldn't plead guilty, that they would have to drop the charges altogether, and he said he would have to talk to the judge and that he couldn't promise me that himself." Geders did tell the prosecutor about activities of himself and Alvarez under an arrangement variously described as a promise that nothing said would be used against him and as a commitment that his pending case would not be discussed.

The panel majority relied upon *United States v. Herman,* 544 F.2d 791 (5th Cir., 1977), in concluding that the use of Geders' statements was barred by Rule 11(e)(6), and in so doing stated:

[W]e interpret *Herman* to say that when the government and the defendant discuss his criminal activities, each side en-

tertaining the desire to receive a quid pro quo, the government does so at its own risk that statements made by the defendant will not be admissible against him at trial. The government's contention that plea bargaining has not commenced is to be evaluated according to the standard of "caveat prosecutor."

Our recent opinion in *United States v. Robertson,* 582 F.2d 1356 (5th Cir., 1978), controls the application of Rule 11(e)(6). There this court said:

The trial court must apply a two-tiered analysis and determine, first, whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussion, and, second, whether the accused's expectation was reasonable given the totality of the objective circumstances.

Where the record, as here, does not disclose a clear expression on the part of the accused to pursue plea negotiations, any after-the-fact expressions of intent must be carefully evaluated. *Id.,* 582 F.2d at 1367. The court must focus searchingly on the record to determine whether the accused reasonably had a subjective intent to negotiate a plea. *Id.,* 582 F.2d 1367.

When the *Robertson* standard is applied to the objective circumstances disclosed by this record, it is patent that Geders could have had no reasonable subjective expectation that plea negotiations were in progress. Rather, Geders himself asserted positively that they were not. Accordingly, the portion of the panel opinion which applied *Herman* to find a violation of Rule 11(e)(6) is vacated.

## II.

As to the applicability of the principle announced in *Santobello* in this case in light of *Oregon v. Hass, Harris,* and *Walder, (supra,* note 1) the court en banc is evenly

---

1. The dissent to the panel opinion took the position that Geders' statements were not barred by Rule 11(e)(6) and, even if they were within the ambit of *Santobello*'s bar, they were not improperly admitted in Geders' case under the rationale of *Oregon v. Hass,* 420 U.S. 714, 722, 95 S.Ct. 1215, 1221, 43 L.Ed.2d 570 (1975); *Harris v. New York,* 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971); and *Walder v. United States,* 347 U.S. 62, 65, 74 S.Ct. 354, 356, 98 L.Ed. 503 (1954).

divided; therefore, the judgment of conviction of the district court is affirmed by operation of law.

AFFIRMED.

FAY, Circuit Judge, with whom BROWN, Chief Judge, THORNBERRY and GOLDBERG, Circuit Judges, join, dissenting:

I respectfully dissent for the reasons set forth in the panel opinion found at 566 F.2d 1227.