Anthony J. LaSpada, Sp. Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

### UNITED STATES of America, Plaintiff-Appellee,

v.

### John A. GEDERS, Defendant-Appellant.

### No. 79–2551
### Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1980.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

HENDERSON, Circuit Judge:

We affirm the district court's refusal to grant a third trial to the appellant. In his second trial,[1] Geders was convicted of conspiracy to import marijuana and the related substantive offenses of importation of marijuana and possession of marijuana with intent to distribute. 21 U.S.C.A. §§ 952(a), 960(b), and 841(a)(1).

Geders' defense was entrapment. He testified he would not have joined the conspir-

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. The Supreme Court reversed his first conviction because the trial court limited his right to consult with counsel during an overnight recess. *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976).

32

acy except for the pressure exerted upon him by Randy Kilgore, a key government witness who had previously pled guilty to the conspiracy count. The government responded by introducing evidence of predisposition to commit the crime and denying that Kilgore had been an informer with respect to this conspiracy. This court, sitting en banc, affirmed the conviction. *United States v. Geders*, 585 F.2d 1303 (5th Cir. 1978) (en banc), *cert. denied*, 441 U.S. 922, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979).

During cross-examination by Geders' lawyer, Kilgore denied that he had been a government informer prior to September 1, 1972, the date the conspiracy began. Kilgore also said he had "never talked to any law enforcement agency prior to this smuggle about the smuggle."

Geders began his defense by calling Detective Allan Jahnke of the Hillsborough County (Florida) Sheriff's Office. Jahnke testified that he met with Kilgore and Customs Agent Lowell Miller on August 12, 1972 (Miller became a Drug Enforcement Administration Agent on July 1, 1973), and that Kilgore then agreed to be an informant. Jahnke did not know if Kilgore had been an informant in this case. Geders then called Miller, who could not recall an August meeting, but denied having used Kilgore as an informant before September 1972.

After his conviction, Geders submitted a motion for a new trial, grounded on newly discovered evidence. F.R.Crim.P. 33. At a hearing held on January 3, 1977, Kilgore's sister testified that her brother was working for the government as early as May 1972. This testimony was similar to that of Detective Jahnke, which, as noted earlier, was previously elicited in the presence of the jury. Since Kilgore's sister could not add anything substantial to what was presented at trial—to wit, she could not say that Kilgore had informed the government of this particular conspiracy—the new evidence was at most cumulative, and the motion for a new trial was properly overruled. Geders apparently conceded as much, because he did not appeal this ruling.

On May 16, 1979, the district court held a hearing on Geders' second motion for a new trial. This motion was also based on new evidence, this time in the form of testimony from Kilgore's former girlfriend, Margale Weiss. Exactly what Weiss meant to communicate is not clear, but Geders' counsel would have us read her testimony as a statement that Kilgore was acting as an agent of the government in this conspiracy. Even if the testimony is so interpreted, and we are not sure that it can be, the district court did not err in denying a new trial.[2]

In *United States v. Antone*, 603 F.2d 566, 568–69 (5th Cir. 1979), the court defined the parameters of our review.

A motion for new trial pursuant to Rule 33, Fed.R.Crim.P., is addressed to the sound discretion of the trial judge. Accordingly, the denial of such a motion will be reversed only where it is shown that the ruling was so clearly erroneous as to constitute an abuse of discretion.

In order to prevail upon a Rule 33 motion, a defendant must ordinarily show (1) that the evidence was newly discovered and was unknown to the defendants at the time of the trial; (2) that the evidence was material, not merely cumulative or impeaching; (3) that it would probably produce an acquittal; and

---

2. Geders asks us to consider the evidence presented in both motions. This is a troublesome request. He did not appeal the first denial of a new trial, and it is too late to do so now. F.R.A.P. 4. However, situations may arise where two motions taken together would warrant a new trial, but either alone would be insufficient. Of course, this could only happen if the first motion was denied because of a failure to carry the burden of materiality, not when the court found a lack of diligence or that the new evidence was false. This is not such a case though; the first motion was predicated on evidence substantially the same as that introduced at the trial, and even considering all the evidence no new trial is warranted here. We need not, and do not, decide whether a defendant who fails to appeal the denial of a Rule 33 motion based on new evidence is foreclosed from relying on that evidence in subsequent motions.

(4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendants.

An exception exists, however, where it is shown that the Government's case included false testimony and the prosecution knew or should have known of the falsehood. The cases hold that in that event a new trial must be held if there was any reasonable likelihood that the false testimony would have affected the judgment of the jury.

*Id.* at 568–69 (citations omitted).

For the purpose of argument only, the district judge accepted the fact that the evidence was not available at the time of trial, and that this was not the result of a lack of diligence. He also assumed that it was accurate,[3] although expressing serious doubts about the truth of Weiss' testimony. The motion was denied because the testimony was immaterial, and because, in light of the overwhelming evidence of guilt, it would not have changed the jury's verdict in any event. *See United States v. Devoe,* 493 F.2d 776 (5th Cir. 1974).

When a prosecution is fairly conducted and undertaken in good faith, and the only problem arises from newly discovered evidence, the burden of justifying a new trial is fairly placed upon the defendant. *United States v. Rachal,* 473 F.2d 1338, 1343 (5th Cir.), *cert. denied,* 93 S.Ct. 2750, 412 U.S. 927, 37 L.Ed.2d 154 (1973). At some point criminal convictions must become final. Absent good reason for an exception, a defendant, like the government, only gets one bite at the apple. *United States v. Devoe,* 493 F.2d at 780. The trial court acted well within its discretion when it found Geders failed to show that Weiss' testimony would have made acquittal substantially more likely. *See United States v. Rodriguez,* 437 F.2d 940 (5th Cir. 1971).

Geders does not contend that the government was guilty of using false testimony, but he does cite *Giglio v. United States,* 405 U.S. 150, 31 L.Ed.2d 104 (1972). Geders does not frame a *Giglio* argument, so it is sufficient to point out that at the trial the government gave the defense a report corroborating Detective Jahnke's testimony, and did not rely upon or condone perjury, intentionally or otherwise.

The decision of the district court is AFFIRMED.

---

**3.** We observe that a contrary finding on any of these points would have been justified.