**UNITED STATES of America**

v.

**Earl BROOM.**

**Crim. A. No. 88–149.**

United States District Court, E.D. Louisiana.

Sept. 20, 1988.

John Volz, U.S. Atty., Harry W. McSherry, Jr., Asst. U.S. Atty., New Orleans, La., for Government.

Daniel J. Markey, Jr., New Orleans, La., for defendant.

### MINUTE ENTRY

ROBERT F. COLLINS, District Judge.

Defendant, Earl Broom, has moved the Court to grant a new trial in the above captioned criminal matter. For the following reasons, that motion is now DENIED.

On July 1, 1988, defendant was convicted of extortion. Specifically, Broom was charged with attempting to extort one Keith Fogg through fear of economic harm and under color of official right while he was a member of the Causeway Commission. Broom now argues that the Court improperly suppressed evidence of Fogg's use of drugs and that he is entitled to a new trial.

At the time the Court ruled on the motion to suppress, the available information indicated that Fogg had entered the F. Edward Hebert Drug Center in 1985 for treatment relating to marijuana use, and that in March 1987, he was arrested in New Orleans for possession of ½ gram of cocaine and one marijuana cigarette. The Court excluded this information because: (1) there was no conviction; (2) such conduct was not probative of truthfulness or untruthfulness; (3) even if the evidence was of such a nature, it could be introduced only through opinion and reputation evidence; and (4) the events occurred outside the period alleged in the indictment of December 1987 through March 31, 1988.

After Broom was convicted, Fogg admitted, while testifying in another trial (*United States v. Bodet*, Crim.No. 88–148 (E.D.La.) that he had secretly been using cocaine in February and March, 1988 when he was cooperating with authorities and gathering evidence against Broom. Broom now argues that he should receive a new trial because this information is *Brady* material that was not disclosed. To establish a violation of the type enunciated in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), a defendant must prove: (1) the prosecution suppressed evidence; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material to the defense. *United States v. Burns*, 668 F.2d 855, 859 (5th Cir.1982).

First, as defense counsel, to his credit, acknowledged during oral argument on this motion, there is no proof that the prosecution had knowledge of Fogg using cocaine on February 16, 1988 at the Landmark Hotel or that the prosecution suppressed such evidence. Furthermore, the Fifth Circuit in *Burns*, stated that the Government does not have an obligation under *Brady* to do an investigation in an attempt to ferret out possible *Brady* information. Second, it is highly questionable whether or not the evidence of drug use was material to the defense. Thus, a *Brady* argument fails for lack of legal or factual support that evidence was suppressed or that it was material to the trial.

As a result, this Court is left only with the question of whether it abused its discretion in granting the Government's Motion to Suppress. In light of the original arguments made by counsel, the defense was unable to demonstrate pursuant to Federal Rule of Evidence 608(b) that such evidence was probative of truthfulness or untruthfulness of the witness, Keith Fogg, nor could the defense establish pursuant to Rule 403 how the probative nature of such evidence substantially outweighed the prejudicial effect of admitting such information. *United States v. Fortes*, 619 F.2d 108, 118 (1st Cir.1980); *United States v. Brown*, 479 F.Supp. 1247, 1256 (D.Md. 1979); *United States v. Hastings*, 577 F.2d 38, 41 (8th Cir.1978). Further, it would be ludicrous to suggest that the Court made an erroneous ruling because of information that neither the Court nor the Government was aware.

Under Rule 33 of the Federal Rules of Criminal Procedure, a Court may grant a new trial "if required in the interest of justice." The clause has been liberally construed to endow a trial court with broad powers to grant a new trial if for any reason the Court concludes that the trial has resulted in a miscarriage of justice. *United States v. Leach,* 427 F.2d 1107, 1111 (1st Cir.1970), *cert. denied,* 400 U.S. 829, 91 S.Ct. 95, 27 L.Ed.2d 59 (1970). However, motions founded on newly discovered evidence are not favored and must be viewed with great caution. *United States v. Riley,* 544 F.2d 237, 240 (5th Cir.1976), *cert. denied,* 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977). Motions for new trial are addressed to the sound discretion of the trial judge. The denial of such a motion will be reversed only when the ruling is "so clearly erroneous that it amounts to an abuse of discretion." *United States v. Antone,* 603 F.2d 566, 568 (5th Cir.1979).

To prevail, defendants must show: (1) the evidence was newly discovered and was unknown to the defendants at the time of trial; (2) the evidence was material, not merely cumulative or impeaching; (3) it would probably produce an acquittal; and (4) failure to learn of the evidence was due to no lack of diligence on the part of the defendants. *United States v. Antone,* 603 F.2d at 568; *United States v. Simmons,* 714 F.2d 29 (5th Cir.1983); *United States v. Mack,* 695 F.2d 820, 822 (5th Cir.1983).

■ An exception exists where it is shown that the Government's case included false testimony and the prosecution knew or should have known of the falsehood. In that event, a new trial must be held if there is any reasonable likelihood that the false testimony would have affected the judgment of the jury. *United States v. Antone,* 603 F.2d at 568–69; *United States v. Geders,* 625 F.2d 31, 33 (5th Cir.1980). This standard is less stringent than the more onerous burden of proving that the false testimony would probably produce an acquittal. However, the Fifth Circuit has never held this relaxed standard to apply to cases involving perjury by a Government witness that is unknown to the prosecution at trial.

■ Broom argues that the more liberal test should be applied to this case, because the Government knew that Fogg had taken drugs during the relevant time period. The Court, after holding an evidentiary hearing on the matter, is presented with no substantive evidence which indicates that the Government knew that Fogg had lied about the extent of his drug use. Therefore, the standard applied is whether or not the "new" evidence is of such a nature that a new trial would probably produce a new result. *United States v. Widgery,* 674 F.2d 710, 713 (8th Cir.), *cert. denied,* 459 U.S. 894, 103 S.Ct. 192, 74 L.Ed.2d 155 (1982).

■ The Court will now examine whether: (1) this new evidence was unknown to defendant at the time of trial; (2) failure to learn of the evidence was not due to a lack of diligence on defendant's part; (3) the evidence is not merely cumulative or impeaching; and (4) it would probably produce an acquittal. *United States v. Antone,* 603 F.2d 566 (5th Cir.1978).

The record indicates that the new evidence was unknown to defendant at trial time through no fault of his own. However, the defense has already admitted that evidence of such drug use can only be used purely for impeachment purposes, for it allegedly "lessens the credibility" of the witness. Said another way, such evidence does not go to the guilt or innocence of defendant Broom for attempted extortion. The Fifth Circuit has time and again rejected a new trial request where the "newly discovered evidence" goes to impeachment as in this case. *United States v. Mesa,* 660 F.2d 1070, 1077 (5th Cir.1981); *United States v. Geders,* 625 F.2d 31 (5th Cir.1980).

The defense has also failed to demonstrate that Fogg's drug use was material to the trial. The fact is that Fogg did not testify about any events relating to the attempted extortion by Earl Broom occurring during the period February 16, 1988 through February 21, 1988. Even though the incident of drug use occurred during the time period about which Fogg testified,

he did not testify as to any material events concerning Broom during that period in which he used cocaine. In fact, the contacts that Keith Fogg had with Earl Broom after February 16, 1988 were tape recorded, and the recordings fully corroborate any testimony by Fogg about those events (Tapes 11, 12, 13, 14, 15). Thus, Fogg's credibility was never at issue as to events relating to Broom from February 16, 1988 to the end of the investigation on March 9, 1988.

This Court, had it been faced with the question of the admissibility of drug use on February 16, 1988 by Keith Fogg, would have been totally within its discretion to exclude such evidence. First, in light of the date of the drug use and the subsequent tape recordings, such drug use evidence is minimally, if at all, probative of truthfulness or untruthfulness as required by Federal Rule of Evidence 608(b). Second, in light of the improper emotional impact and prejudicial effect that evidence of drug use by a witness could have on a jury, the defense is unable to show that the probative nature of such testimony will substantially outweigh the undue prejudicial effect.

Defendant has also not sustained his burden of proving that the new evidence would probably produce an acquittal. The trial focused primarily on tape recordings which unequivocally proved the attempted extortion. As to color of official right, the Government introduced and later argued the misuse of such official position when Broom specifically guaranteed his vote as a Causeway Commissioner to help assure that Fogg would get the insurance contract renewal in exchange for Fogg's purchase of fund raiser tickets from Broom. "You have my guarantee ... You'll have my guarantee ... I thought you understood that." (Transcript 11, page 6.) Furthermore, the Court is reminded of parting remarks in the March 9th conversation in Fogg's office after Broom received the $2,000, when he told Fogg: "I'm going to help you. Don't worry about it." (Transcript 15, page 5.)

The jury's understanding and interpretation of the tape recordings introduced in evidence became the exclusive issue at trial. The Government during its cross-examination of defendant Broom focused entirely on the recordings, and it was in this area that Mr. Broom provided his most unsatisfactory testimony.

The Government has demonstrated to the Court's satisfaction that the evidence did not turn of Fogg's credibility, but on the jury's interpretation of the Broom tape recordings. Accordingly, defendant's motion for a new trial must be DENIED.