PER CURIAM:
This appeal presents an issue that has already been fully litigated, and res judica-ta bars relitigation of that issue. The antitrust counterclaim of Atlanticus Holdings Corporation, formerly CompuCredit, against Akanthos Capital Management and twenty other hedge funds is identical to the complaint of Atlanticus in another antitrust lawsuit between the same parties. The district court dismissed the complaint in the other lawsuit, and we affirmed that dismissal by an equally divided vote of the en banc Court. CompuCredit Holdings Corp. v. Akanthos Capital Mgmt., LLC, 916 F.Supp.2d 1326, 1329-32 (N.D.Ga.2011), aff'd, 698 F.3d 1348, 1349 (11th Cir.2012) (en banc). The district court dismissed the counterclaim in this action for the same reason that it dismissed the complaint in the other one. When the other lawsuit was pending before the en banc Court, Atlanticus moved to consolidate the appeals in the two actions because they presented an identical issue, but we denied that motion and instead stayed this appeal. But Atlanticus was correct about the identical nature of these actions, and res judi-cata bars Atlanticus from relitigating this matter. We affirm the dismissal of the counterclaims of Atlanticus, but we deny the motion for fees and costs filed by the hedge funds.
I. BACKGROUND
Deciding this appeal demands a review of the procedural history of not only this lawsuit, but the other lawsuit that our en banc Court decided earlier. This lawsuit began when the hedge funds, as notehold-ers, sued Atlanticus in 2009 to enjoin an allegedly fraudulent transfer. Atlanticus then filed its own lawsuit against the note-holders in which it alleged that the note-holders had violated section 1 of the Sherman Act when they filed this allegedly “sham” lawsuit, boycotted the company’s tender offer, and engaged in price fixing. Both lawsuits were transferred to the district court and assigned to the same judge. In an interlocutory appeal, we ordered the district court to dismiss the complaint filed by the noteholders. Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp., 677 F.3d 1286, 1298 (11th Cir.2012). Our decision would have ended this lawsuit except that, while the interlocutory appeal was pending, Atlanticus answered the noteholders’ complaint and incorporated by reference the complaint from its lawsuit against the noteholders. The district court construed this pleading as a counterclaim under Federal Rule of Civil Procedure 8(c). The noteholders moved to dismiss the counterclaim on the ground that Atlanticus was attempting to obtain discovery that the district court had denied in its other lawsuit against the noteholders. The noteholders did not mention the doctrine of res judicata as the antitrust claim had not yet been adjudicated, but they acknowledged the parallel litigation in their motion to dismiss.
The district court then dismissed both the antitrust complaint and the antitrust counterclaim filed by Atlanticus in the separate actions. On June 16, 2011, the dis *1271 trict court issued a minute entry stating, “The Court will be issuing an order dismissing the Anti-Trust claim.” On the same day, the noteholders filed a reply in support of their motion to dismiss the counterclaim. In their reply, they acknowledged the minute entry and urged the district court to dismiss the counterclaim because the antitrust claim was identical. On June 17, 2011, the district court dismissed the antitrust lawsuit filed by Atlanticus. CompuCredit Holdings Corp. v. Akanthos Capital Mgmt., LLC, 916 F.Supp.2d 1326, 1329-32 (N.D.Ga.2011). On November 8, 2011, the district court dismissed the antitrust counterclaim in this lawsuit.
Atlanticus appealed the dismissal of its antitrust lawsuit against the noteholders. A panel of this Court affirmed the dismissal of the antitrust lawsuit, CompuCredit Holdings Corp. v. Akanthos Capital Mgmt, LLC, 661 F.3d 1312, 1315 (11th Cir.2011), but we later vacated that decision and granted a rehearing en banc. CompuCredit Holdings Corp. v. Akanthos Capital Mgmt., LLC, 677 F.3d 1042, 1043 (11th Cir.2012). After we granted the rehearing en banc, Atlanticus filed a notice of appeal in this action to appeal the dismissal of its counterclaim.
Atlanticus moved to consolidate the en banc appeal and this appeal because “[t]he sole issue” in both appeals was “identical.” The noteholders did not oppose the motion to consolidate the appeals. We denied the motion and stayed this appeal pending the en banc decision.
Sitting en banc, we affirmed the dismissal of the antitrust complaint against the noteholders. Compucredit Holdings Corp. v. Akanthos Capital Mgmt., LLC, 698 F.3d 1348, 1349 (11th Cir.2012) (en banc). We affirmed without an opinion because the en banc court was evenly divided. Id.; see United States v. Geders, 585 F.2d 1303, 1305-06 (5th Cir.1978) (en banc). After the en banc ruling, we ordered the parties to submit briefs for this appeal, and one month later, the noteholders moved to dismiss this appeal based on res judicata.
II. STANDARD OF REVIEW
We review a motion to dismiss for failure to state a claim de novo. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir.2008). We may affirm a judgment based on any grounds supported by the record. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1349 n. 20 (11th Cir.2011).
III. DISCUSSION
We divide our discussion in two parts. First, we explain that res judicata bars Atlanticus from pursuing this appeal. Second, we deny the noteholders’ motion for fees and costs under Federal Rule of Appellate Procedure 38.

A. Res Judicata Bars this Action.

Res judicata bars Atlanticus from obtaining relief in this action. Atlanticus litigated the identical complaint against the same parties in another action, and this Court affirmed the dismissal of that complaint. See Compucredit Holdings Corp., 698 F.3d at 1349. When a judgment is rendered for the defendant, the plaintiffs claim is extinguished; res judicata bars the plaintiff from relitigating that same claim against the same defendant. See Jaffree v. Wallace, 837 F.2d 1461, 1466-67 (11th Cir.1988) (stating that finality for purposes of res judicata is when the district court issues its judgment); see also 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4402 (2d ed.2002).
Atlanticus argues that the note-holders waived their defense of res judicata, but we disagree. Although a party can *1272 waive its defense of res judicata if it fails to plead the defense, 18 Wright & Miller, supra, at § 4405, the noteholders raised the defense at the earliest opportunity. The antitrust lawsuit continued until June 20, 2011, when the district court entered its judgment on the pleadings. Five months passed between that judgment and the dismissal of the counterclaim in this action, but on June 16, 2011, immediately after the noteholders learned that the district court intended to dismiss the other lawsuit, the noteholders filed a reply in support of their motion to dismiss the counterclaim in this lawsuit. Their reply did not include the magic words “res judi-cata,” but it clearly stated that, because the district court planned to dismiss the antitrust lawsuit, it must necessarily dismiss the counterclaim in this lawsuit too. As soon as the en banc court affirmed the dismissal of the other lawsuit and the stay was lifted in this appeal, the noteholders raised the defense of res judicata. Given these overlapping events, the noteholders did not waive their defense of res judicata.
Even if the noteholders had not raised their defense of res judicata, we would sua sponte raise the issue. See, e.g., Shurick v. Boeing Co., 623 F.3d 1114, 1116 & n. 2 (11th Cir.2010). No prejudice results from our dismissal of this appeal because Atlanticus has already fully and fairly litigated the identical complaint. And if the Court were to fail to raise the issue of res judicata, then we would threaten the public interest in avoiding judicial waste and inconsistent judgments. See Arizona v. California, 530 U.S. 392, 412-13, 120 S.Ct. 2304, 2318, 147 L.Ed.2d 374 (2000) (“This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant’s interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.” (internal quotation marks omitted) (quoting United States v. Sioux Nation of Indians, 448 U.S. 371, 432, 100 S.Ct. 2716, 2749, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting))); see also Gilbert v. Ferry, 413 F.3d 578, 579-80 (6th Cir.2005); Clements v. Airport Auth. of Washoe Cnty., 69 F.3d 321, 329-30 (9th Cir.1995).

B. We Deny the Noteholders’ Motion for Fees and Costs.

We reject the noteholders’ request that we award fees and costs under Federal Rule of Appellate Procedure 38, which provides that “[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.” Fed. R.App. P. 38. In this appeal, Atlanticus attempted to consolidate the appeals, but we denied its motion. Perhaps Atlanticus should have voluntarily dismissed its appeal after the en banc Court ruled, but its failure to do so in this circumstance should not subject it to paying fees and costs under Rule 38.
IY. CONCLUSION
We AFFIRM the dismissal of the antitrust counterclaim on the ground that it is barred by res judicata. We DENY as moot the noteholders’ motion to dismiss this appeal and DENY the noteholders’ motion for fees and costs.