[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14772
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-01304-GKS-DAB

KRISHNA REDDY,

Plaintiff-Appellant,

versus

GILBERT MEDICAL TRANSCRIPTION SERVICE, INC.,
CAROLE J. GILBERT,
MERIT R. SOWARDS,
FELICIA SLATTERY,
GALLAGHER BENEFIT SERVICES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 14, 2014)

Before WILLIAM PRYOR, MARTIN, and HILL, Circuit Judges.

PER CURIAM:

Krishna Reddy, proceeding *pro se* and *in forma pauperis*, appeals the district court's *sua sponte* dismissal of her complaint as frivolous under 28 U.S.C. § 1915(e)(2). Reddy, in the complaint now before us, alleged violations of 42 U.S.C. §§ 1981 and 1985 and miscellaneous state law claims. The magistrate judge, recognizing that the United States District Court for the Central District of California had entered a final merits adjudication against most of the defendants appearing in this case, held that the duplicative nature of the instant suit stripped it of federal question jurisdiction and therefore recommended denying Reddy's motion to proceed *in forma pauperis* before the district court and dismissing her complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). The district court adopted those recommendations. Reddy argues on appeal that her complaint is not duplicative of the prior proceeding because the California district court never adjudicated the merits of the case as to Felicia Slattery and the other "Insurance defendants" and also because newly acquired evidence allows her to bring her claims as to all defendants. She also argues that her complaint states a claim against all defendants and as to all causes of action.

We review dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim *de novo* and view the allegations in the complaint as true. *Alba v. Montford*, 517 F.3d

2

1249, 1252 (11th Cir. 2008). The same standards governing dismissals under Federal Rule of Civil Procedure 12(b)(6) apply to § 1915(e)(2)(B)(ii). *Id.* Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (brackets omitted). Despite the fact that a complaint need not contain detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We may affirm on any ground supported by the record. *Lord Abbett Mun. Income Fund, Inc. v. Tyson,* 671 F.3d 1203, 1206-07 (11th Cir. 2012).

We may use the tools of preclusion and *res judicata* to further the public interests of preventing inconsistent results, tamping down the cost and vexation of multiple lawsuits, conserving judicial resources, and encouraging reliance on adjudication. *Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296,

3

1307-08 (11th. Cir. 2010).  Under the doctrine of *res judicata*, a final judgment applies to bar a subsequent lawsuit re-litigating matters that were already litigated or could have been litigated in the earlier suit.  *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003).  *Res judicata* does not apply, however, when there was no final judgment on the merits in the earlier action.  *Id.*  A dismissal without prejudice is not an adjudication on the merits and does not have a *res judicata* effect.  *Id.*  If, on the other hand, a party has already litigated the same causes of action against the same parties through to a final judgment, *res judicata* bars that complaint.  *Akanthos Capital Mgmt., LLC v. Atlanticus Holdings Corp.,* 734 F.3d 1269, 1271-72 (11th Cir. 2013).  *Res judicata* will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.  *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1187 (11th Cir. 2003).   We evaluate the similarity of two causes of action by looking to the broad "nucleus of operative facts" of the actions. *Borrero*, 610 F.3d at 1308.  To do so, we will "line up the former and current cases side-by-side to assess their factual similarities."  *Id.* at 1309.  We may consider the preclusive effect of a prior judgment *sua sponte*.  *See Akanthos,* 734 F.3d at 1272.

Section 1981 creates a federal right of action for victims of certain types of racial discrimination.  *See* 42 U.S.C. § 1981.  To state a claim for non-employment

discrimination under § 1981, a plaintiff must allege (1) she is a member of a racial minority; (2) the defendant intended to racially discriminate against her; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Jimenez v. Wellstar Health Sys*., 596 F.3d 1304, 1308 (11th Cir. 2010). The rights enumerated in the statute include the right to "make and enforce contracts," which means the "making, performance, modification, and termination of contracts." § 1981(a), (b). The statute also protects against the impairment of contracts. *Id.* § 1981(c). Consistent with that language, the Supreme Court has held that "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 476, 126 S.Ct. 1246, 1250, 163 L.Ed.2d 1069 (2006).

Section 1985(3) provides a cause of action to people victimized by a conspiracy to deprive them of equal protection of the laws. 42 U.S.C. § 1985(3). To state a successful claim under Section 1985(3), a plaintiff must prove: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any

right or privilege of a citizen of the United States.  *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997).  The plaintiff must show some racial "invidiously discriminatory animus" behind the defendant's actions.  *Id.*

Section 1367(a) of Title 28 provides in part that "in any civil action of which the district courts have original jurisdiction," there is supplemental jurisdiction over all other claims arising from the same case or controversy.  28 U.S.C. § 1367(a).  Absent a viable federal claim, however, the district court should dismiss any state law claims.  *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999).  The court should dismiss the state law claims without prejudice so that they may be refiled in the appropriate state court.  *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999).

Here, even if the district court arguably erred in its reasoning by conflating an issue of preclusion with an issue of subject matter jurisdiction, the record supports dismissal of Reddy's complaint on other grounds.  First, Reddy's claims against all defendants except the Insurance defendants are barred by *res judicata* because the California federal court has already adjudicated on the merits Reddy's claims, which arise out of the same nucleus of operative facts as those asserted here.  Second, even construing Reddy's claims against the Insurance defendants liberally and taking all allegations in her complaint as true, Reddy fails to meet the Rule 12(b)(6) standard for stating a claim upon which relief may be granted.  Her

conclusory allegations regarding the Insurance defendants' alleged violations of §§ 1981 and 1985 do not meet the requirements enunciated by the Supreme Court regarding the sufficiency of pleadings.  Furthermore, without a viable federal claim, the district court did not err in declining to exercise supplemental jurisdiction over Reddy's remaining state law claims.  However, we remand to the district court for the limited purpose of clarifying its order that its dismissal of the state law claims is without prejudice.  For these reasons, the district court's dismissal of Reddy's complaint is affirmed.

**AFFIRMED.**