[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11232
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03575-RLV

MARY E. STANSEL,

Plaintiff-Appellant,

versus

CITY OF ATLANTA,
AFLAC, INC.,
JANE DOE #1-20,
JOHN DOE #1-20,
AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF COLUMBUS, INC.,
d.b.a. Aflac,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 18, 2014)

Before ED CARNES, Chief Judge, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Mary Stansel, a licensed Georgia attorney proceeding pro se,[1] appeals the district court's decision to dismiss with prejudice her claims against the City of Atlanta, American Family Life Assurance Company of Columbus, Inc. (American Family), and Aflac, Inc.

I.

Stansel worked for the City of Atlanta as an Assistant Solicitor from 2002 to 2010, when she stopped due to severe bilateral carpal tunnel syndrome, as well as back, neck, and nerve pain.[2]  While working for the City, Stansel purchased an American Family insurance policy that had short-term disability benefits.  The policy's premiums were to be paid via payroll deduction on a pretax basis.  Before Stansel stopped working in March 2010, her plan's premiums were paid with pretax dollars through payroll deductions.  American Family paid her a total of $20,623.34 in short-term disability benefits in 2010 and 2011.  It also filed W2 forms with the IRS that reported those disability benefits as income.

---

[1] Because Stansel is a licensed attorney, we do not liberally construe her complaint as we would with a normal pro se litigant.  See Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977); cf. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981).

[2] Because this is an appeal from a motion to dismiss, we take the facts as alleged in the complaint, construing them in the light most favorable to Stansel.  See Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).

Stansel filed suit against the City and Aflac, Inc. in October 2012.[3]  The parties then engaged in a series of procedural skirmishes, during which Stansel filed a series of amended complaints.  We need not describe the details of those skirmishes here, except to note that the district court dismissed Aflac, Inc. (which is the parent company of American Life) from the suit.  The court did so after Stansel admitted in her motion to file a first amended complaint that she had mistakenly named Aflac, Inc., and that she should have instead named its subsidiary American Life, which actually wrote her insurance policy.  On July 3, 2013, Stansel filed a motion seeking leave to file a third amended complaint.  The proposed complaint she attached to her motion asserted seven claims and named as defendants the City, American Life, and Aflac, Inc.  It sought to reestablish Aflac, Inc. as a defendant in the suit, even though Stansel had already admitted that she had improperly named it as a defendant.

The seven counts in the proposed third amended complaint were as follows. The first four were against the City and alleged that it had violated:  (1) Title I of the Americans with Disabilities Act (ADA), 42 U.SC. § 12111 et seq.; (2) Title V of the ADA, 42 U.S.C. § 12203; (3) the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; and (4) the Age Discrimination in Employment Act, 29 U.S.C. § 621

---

[3] There were also twenty John Does and twenty Jane Does included in the complaint.  We will not discuss them because they are not at issue in this appeal and including them would unnecessarily complicate our account of the proceedings in the district court.

et seq.  The fifth count brought claims against both the City and the Aflac defendants under 42 U.S.C. §§ 1983, 1985(2)–(3), 1986, and 1988.  It specifically asserted that, based on the filing of the W2s and the general administration of Stansel's disability benefits, the City and the Aflac defendants had violated her federal rights.  The sixth count alleged that the Aflac defendants had "violated both federal and state law" without specifying any federal or state laws.  The seventh count alleged that the Aflac defendants had breached their duty of good faith and fair dealing.[4]  The Aflac defendants opposed the motion to amend and filed a cross-motion to dismiss the claims against them.

The district court entered an order on August 29, 2013, denying Stansel's motion for leave to amend and dismissing with prejudice her claims against the Aflac defendants.  The court identified several reasons for its decision.  Initially, it explained that the third amended complaint was a shotgun pleading.  See generally Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295–96 (11th Cir. 2002).  The court then explained why, for each of the three claims against the Aflac defendants, it would be futile to allow Stansel to amend her complaint.  Regarding the claims under the federal civil rights statutes in the fifth count, the court noted that those statutes apply only where the plaintiff has

---

[4] Stansel titled this count "Count VIII," but her amended complaint skips from "Count VI" to "Count VIII."  So we will refer to this count as the seventh count.

alleged state action, and that the Aflac defendants' allegedly wrongful conduct did not qualify as state action.  See generally Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276–77 (11th Cir. 2003).  As for the sixth count, the court reiterated that it was a shotgun count that did not meet the requirements of Federal Rule of Civil Procedure 10(b) and also noted that it did not meet the requirements of Federal Rule of Civil Procedure 9 insofar as it alleged fraud. Finally, the court explained that the seventh count was fatally flawed because Stansel had conceded that the Aflac defendants had paid her short-term disability benefits, and a cause of action based on bad faith requires "the refusal to pay a loss covered by an insurance policy."

In that same August 29 order, the district court ordered Stansel to file within twenty-one days an amended complaint against the City.  She failed to file an amended complaint by that deadline.  The City moved to dismiss the claims against it for failure to comply with the court's order, and the court granted that motion in February 2014.  It deemed Stansel's claims against the City to have been abandoned and dismissed them with prejudice pursuant to Federal Rule of Civil Procedure 41.

## II.

We review de novo the district court's decisions to deny Stansel leave to amend her claims against the Aflac defendants due to futility, see Freeman v. First

Union Nat'l, 329 F.3d 1231, 1234 (11th Cir. 2003), and we review its decision to dismiss Stansel's claims against the City only for an abuse of discretion, see Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1276 (11th Cir. 2012) (reviewing dismissal under Rule 41(a)(2) only for an abuse of discretion).  Because of the nature of the briefing in this case, we rely on two principles.  First, de novo review permits this Court to affirm the district court's judgment "based on any grounds supported by the record."  Akanthos Capital Mgmt., LLC v. Atlanticus Holdings Corp., 734 F.3d 1269, 1271 (11th Cir. 2013).  Second, where the district court's judgment rests on multiple grounds, and the "appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).  We address in order the claims from the third amended complaint.

We begin with the five claims against the City, which were contained in the first five counts.  Stansel does not make any specific arguments explaining how the district court abused its discretion under Federal Rule of Civil Procedure 41 when it issued its February 14 order dismissing with prejudice those claims against the City.  See id. at 681.  We therefore affirm the judgment insofar as it dismissed those claims.  See id. at 680.

Regarding the claim against the Aflac defendants in the fifth count, allowing amendment would have been futile because Stansel cannot establish one of the essential elements of that claim. A claim under any of the federal civil rights statutes the fifth count cites requires the existence of an individual federal right. See Robertson v. Hecksel, 420 F.3d 1254, 1261 (11th Cir. 2005) ("[B]efore § 1983 and § 1988 can come into play, the plaintiff must still establish the existence of a federal right."); Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002) ("[A] claim under § 1985(3) requires the proof of . . . the violation of a serious constitutional right . . . ."); Park v. City of Atlanta, 120 F.3d 1157, 1159–60 (11th Cir. 1997) ("Section 1986 claims are . . . derivative of § 1985 violations."). And Stansel offers no authority for the proposition that the right she asserts here — the right to have her W2s filed properly — is actually an individual federal right, much less a "serious constitutional right." We therefore affirm the district court's judgment insofar as it dismissed the claim against the Aflac defendants in the fifth count.

The claim in the sixth count that the Aflac defendants had "violated both federal and state law" did not state a plausible claim for relief. Rather than attempt to describe the allegations that make up the sixth count, we will simply reproduce the relevant ones here:

7

143. The heretofore-described conduct of both AFLAC Defendants constitutes vicarious liability of AFLAC, INC. for the torts of Aflac (aka Aflac U.S.)

144. The heretofore-described conduct of both Defendants AFLAC created contractual rights and obligations created for AFLAC, INC. by the actions of Aflac (aka Aflac U.S.).

145. The heretofore-described conduct of both Defendants AFLAC constitutes common law Agency and fraud.

146. At all relevant times, all claims handling procedures, operations and initiatives, funding, and other aspects of conducting its supplemental accident/disability insurance business were independently prescribed, in a unitary and uniform fashion, by AFLAC, Inc.

147. AFLAC, Inc. and Aflac (aka Aflac U.S)., individually and collectively, are, and at all relevant times have been, involved in the tortious and other acts described herein, affecting pro se Plaintiff, one of its former policyholders.

None of those allegations identifies a specific action by the Aflac defendants that would give rise to a claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotation marks omitted). Nor do any of them indicate the possibility that Stansel could do so. The district court therefore did not err in concluding that it would have been futile for Stansel to file her amended sixth count.

Finally, we turn to the seventh count (which the complaint misnumbers as the eighth count). It claimed that the Aflac defendants acted in bad faith. Stansel never contests the district court's determination that the claim is fatally flawed

because she has conceded that the Aflac defendants had paid her short-term disability benefits, and a bad faith action requires "the refusal to pay a loss covered by an insurance policy." See Sapuppo, 739 F.3d at 680. We therefore agree with the district court's determination that amending the count would have been futile and affirm that part of the judgment.

The argument section of Stansel's opening brief raises three challenges to the district court's order dismissing with prejudice her claims against the Aflac defendants.[5] Her first contention is a general allegation of error on the part of the district court. In Stansel's words:

> The sum total of the district court's legal errors and abuses of discretion alleged herein had the substantial prejudicial effect of forcing pro se appellant Stansel to accept an involuntary dismissal with prejudice . . . and final judgment . . . in this action in order to hasten her appeal in an effort to halt the incessant onslaught of judicial usurpation of power because it was very likely [to] recur.

That opening line is supported only by a page and a half that accuses the district court of committing various errors. Such a list of "conclusory assertions," which "makes no argument and cites no authorities," does not raise a cognizable issue on appeal. Sapuppo, 739 F.3d at 682.

---

[5] Stansel lists twenty-three issues in her opening brief, but discusses just three of them in the argument section of her brief. We need not address the twenty issues that are not developed in the argument section of her brief. See Sapuppo, 739 F.3d at 682 (explaining that "mentioning a claim in the summary of the argument section is not enough to raise the issue for appeal and that the claim is deemed abandoned"); Cole v. U.S. Atty. Gen., 712 F.3d 517, 530 (11th Cir. 2013) (holding that a party abandons an issue "[i]f the party mentions the issue only in his Statement of the Case but does not elaborate further in the Argument section").

Next, Stansel contends that the district court erred by permitting both of the Aflac defendants to file the motion to dismiss because, at the time, Aflac, Inc. had been dismissed from the case and was not a party to the litigation. She argues that this was error because the Federal Rules of Civil Procedure do not permit nonparties to file motions. We need not delve into the merits of her argument because Stansel never explains how her substantial rights were affected by the court permitting Aflac, Inc. to join the motion to dismiss. See Fed. R. Civ. P. 61 (providing that courts "must disregard all errors and defects that do not affect any party's substantial rights"). The arguments against Stansel's motion to amend would have been the same regardless of whether Aflac, Inc. signed onto the brief opposing her motion. So even if we assume that the court erred, it was harmless error and cannot be grounds for reversal. See Mut. Serv. Cas. Ins. Co. v. Henderson, 368 F.3d 1309, 1319 (11th Cir. 2004).

Finally, Stansel challenges the district court's conclusion that the third amended complaint was a shotgun pleading. We need not address this argument because we have already identified separate bases for the district court to dismiss every one of Stansel's claims.

**AFFIRMED.**